## GERALD v. GERALD.

1. This court cannot impute error to a Circuit decree in the light of facts which are, for the first time, presented here. The Circuit decree is erroneous or not, according to the case as there presented.
2. The defendant having appealed from a decree of foreclosure, gave bond to account for rents and profits pending appeal, in order to stay a sale. After appeal dismissed, the value of such rents and profits was reported to the court, and sale made. In the absence of a report on sales or other information as to the sum realized by the sale, the Circuit Judge properly ordered the amount of the rents so reported to be paid into court to await its further order.
3. The execution of a decree of foreclosure will not be stayed unless the defendant give the undertaking required by section 352 of the Code, which applies to judgments in foreclosure. The amount secured by such a bond should be paid towards the mortgage debt, if the proceeds of sale prove insufficient; but if this debt be satisfied by the sale, then the mortgagee should recover nothing under the bond.
4. When the defendant surrendered possession to the purchaser at the foreclosure sale, there was a "delivery of possession pursuant to the judgment," within the meaning of section 352 of the Code ; and, therefore, an undertaking of *supersedeas* executed thereunder was then payable.
5. The right of a mortgagee to rents and profits of the mortgaged premises has no application to a case like this, which involves a right given by statute to an appellee.

Before FRASER, J., Kershaw, September, 1888.

The appeal in this case involves questions as to the rights of mortgagee, and vendee of mortgagor, of land, growing out of an undertaking given by the latter to stay sale under decree of foreclosure pending an appeal, which was afterwards dismissed. The Circuit decree was as follows :

This was an action to foreclose a mortgage given by W. C. Gerald, one of the defendants, to plaintiffs. Witte Bros., a firm composed of Geo. W. Witte and Armin F. Witte, were creditors

holding a judgment against defendant, W. C. Gerald, and had become the purchasers of the equity of redemption in the mortgaged premises, title being made, as I understand, to George W. Witte. A judgment of foreclosure and sale was made in the cause, from which the defendants, Witte Bros., and George W. Witte appealed to the Supreme Court. To obtain a stay of sale, an undertaking was executed by George W. Witte and Armin F. Witte, in the sum of five hundred dollars, conditioned as provided for in the Code, section 352. In the absence of any directions in the statute as to whom the undertaking shall be made payable, it has been made payable to the plaintiff, one of the parties, if not the only party, in interest. One of the conditions of the undertaking is that the obligors will "pay the value of the use and occupation of the premises from the time of appeal until the delivery of the possession thereof, if delivery be adjudged, pursuant to the judgment herein." It appears from the reports of the master and the testimony, that possession of a portion of the premises claimed was retained for seven months and seven days, and that the value of the use and occupation was one hundred and eighty dollars and eighty-three cents.

Section 352 is somewhat obscurely worded. While a judgment of foreclosure does not in terms direct the delivery of the mortgaged premises, I regard the judgment of foreclosure and sale, with direction to the master to execute "a deed of the premises so sold," as in all respects an equivalent of an order to deliver possession, and which may be followed up by an attachment for contempt in case of refusal to deliver the premises. Upon a careful consideration of the whole section, I think that this condition in the undertaking applies in cases of foreclosure of mortgage, the concluding sentence of the section plainly providing that in cases of mortgages, where there is a judgment for a deficiency, the provision to secure the payment of it shall be in addition to the requirements of the section as to the other matters therein stated, as seems to be the meaning of the words, "the undertaking shall also provide." It certainly cannot be the purpose of the section to give to the plaintiff, a mortgagee, the use and occupation in addition to the mortgage debt, in case the sale has been sufficient otherwise to pay the same, and whatever may be realized for the

use and occupation must go as a credit on the mortgage debt, and this judgment must be subject to such a condition; and in case the mortgage debt shall be paid out of the sale of the mortgaged premises, the value of such use and occupation shall inure to the benefit of those who hold rights in the premises subsequent to those of the plaintiff.

It is therefore ordered and adjudged, that Geo. W. Witte and Armin F. Witte do pay into the court, for the use of the parties entitled thereto, and subject to the order of this court, the sum of one hundred and eighty 83-100 ($180.83) dollars, within sixty days from the date of this order, as the value of the use and occupation of the storehouse and 'lot so delivered by them, all questions as to any portion of the mortgaged premises, if there be any, not delivered and in dispute between the parties being reserved.

*Mr. C. L. Winkler*, for plaintiff.

*Mr. J. T. Hay*, for defendants.

March 14, 1889. The opinion of the court was delivered by

Mr. Justice McIver. The plaintiff brought this action to foreclose a mortgage of real estate, executed to her by the defendant, William C. Gerald; and Witte Bros. and others holding judgment liens junior to the mortgage, as well as Geo. W. Witte, who had purchased the mortgaged premises under said judgments and was in possession, were made defendants. The junior lien creditors of William C. Gerald assailed the validity of plaintiff's mortgage, and upon that issue the case was originally heard and judgment was rendered, sustaining the mortgage, and ordering a foreclosure and sale of the mortgaged premises. From that judgment Witte Bros. and Geo. W. Witte appealed, and for the purpose of staying the sale ordered by the judgment of foreclosure, Geo. W. Witte and A. F. Witte executed an undertaking, payable to the plaintiff, one of the conditions of which was, "that if the judgment be affirmed, they will pay the value of the use and occupation of the premises from the time of the appeal until the delivery of the possession thereof, if delivery be adjudged pursu-

ant to the judgment herein." The judgment appealed from having been affirmed by this court,[1] the mortgaged premises were sold on the first Monday in June, 1888, and upon demand of the purchaser, the possession thereof was surrendered by said Geo. W. Witte on June 21, 1888.

At June term, 1888, of the Circuit Court, an order was passed referring it to the master, "to ascertain and report the value of the use and occupation of the mortgaged premises above specified, saving and reserving all question as to the liability of the defendants for said use and occupation." In pursuance of this order, the master reported that the value of the use and occupation, from the date of the appeal to June 21, 1888, was the sum of one hundred and eighty 83-100 dollars. On August 18, 1888, the plaintiff gave notice that at the ensuing term of the court an application would be made for an order requiring the appellants herein to pay to her the amount ascertained by the master's report to be the value of the use and occupation of the mortgaged premises as above. This motion was heard by his honor, Judge Fraser, who rendered judgment, requiring the said Geo. W. Witte and A. F. Witte to pay into court, "for the use of the parties entitled thereto and subject to the order of this court, the sum so ascertained by the master's report within sixty days, all questions as to any portion of the mortgaged premises, if there be any, not delivered and in dispute between the parties being reserved."

From this judgment both parties appeal—the plaintiff, because of error in not ordering the said sum of money to be paid to the plaintiff instead of into court, and the defendants, Geo. W. Witte and A. F. Witte, substantially upon the following grounds: 1st. Because of error in holding that the judgment of foreclosure and sale, with directions to the master to execute a deed of the premises so sold. was equivalent to an order to deliver possession. 2nd. Because of error in holding that the condition in the undertaking, as set out above, applies in cases of foreclosure of a mortgage. 3rd. Because, the mortgagor not being liable for use and occupation of the mortgaged premises, the purchaser from him, Geo. W. Witte, could not be held so liable. 4th. Because of error in holding that the amount of the value of the use and occu-

[1] 28 S. C., 442.

pation should go as a credit on the mortgage debt due to the plaintiff.

First, as to the plaintiff's appeal. It does not appear that, when Judge Fraser heard the motion, there was anything before him to show whether the proceeds of the sales of the mortgaged premises would be sufficient or insufficient to pay the mortgage, and in the argument for plaintiff it is conceded that the judge had no such information. It is true, that there is incorporated in the "Case" a statement showing that the proceeds of the sale, even with the addition of the value of the use and occupation, are insufficient to pay the mortgage debt, but we are not at liberty to consider that statement. The jurisdiction of this court, in a case of this kind, is of an appellate character only, and hence we have no right to consider any facts which were not before the tribunal whose judgment we are called upon to review. The question for us is, whether there was any error in the judgment rendered by the court below upon the facts as there presented; and not whether additional facts presented here would require a different judgment from that appealed from. This would involve the exercise of original jurisdiction on our part, which we have no right or disposition to exercise.

Looking at the case, then, as it was presented to Judge Fraser, we do not think he committed any error in ordering the money paid into court for the use of the parties who might prove themselves entitled to it, subject to the order of the court. The manifest object of the undertaking required for the purpose of staying a sale pending an appeal, is to protect the respondent, as far as practicable, from any damage which may ensue from the delay, caused by the appeal, in enforcing his claim. If no damages are shown to have ensued from such delay, it would seem clear that the respondent would not be entitled to claim anything. Inasmuch as Judge Fraser, at the time he rendered his judgment, was not furnished with any information which would justify him in ordering this money paid to the plaintiff, he took the only wise and proper course by ordering the money paid into court, subject to its further order, when the necessary information should be furnished to enable the court to make a proper disposition of the money. If the proceeds of the sale of the mortgaged premises

had proved sufficient to pay the plaintiff's debt in full, together with all costs and expenses, then clearly the plaintiff would not have been entitled to any portion of the rents and profits, and hence, in the absence of any information on this point, there was no error in ordering the money paid into court, subject to its order, instead of to the plaintiff. The plaintiff must, therefore, be left to make her application to the Circuit Court, which can exercise original jurisdiction, for an order to pay her the money in question, to which, as we shall presently show, we think she is entitled under the facts as they now appear, as this court, having no original jurisdiction, has no power to make such an order.

Next, as to the defendants' appeal. It seems to us that the fundamental question raised by this appeal is, whether section 352 of the Code, under which the undertaking here was given, applies to cases for the foreclosure of a mortgage. While it is true, as the Circuit Judge says, that the language of that section is not as clear as it might be, yet we are entirely satisfied that it embraces a case for the foreclosure of a mortgage as well as a case in which the judgment directs, in express terms, the delivery of the possession of property sued for specifically. The section reads as follows: "If the judgment appealed from directs the sale or delivery of possession of real property, the execution of the same shall not be stayed unless a written undertaking be executed on the part of the appellant, with two sureties, to the effect that, during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that, if the judgment be affirmed, he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession thereof, pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered, and which shall be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking shall also provide for the payment of such deficiency."

This language shows that the intention was to embrace appeals from judgments of foreclosure, for that is a judgment directing the sale of real property, and the language of the section—"if the judgment appealed from direct the sale *or* delivery of posses-

23—30

sion of real property"—plainly indicates the intention to embrace two classes of judgments, those which direct a sale as well as those which direct delivery of possession. Then, too, the last sentence of the section conclusively shows not only that the intention was to embrace appeals from judgments of foreclosure, but also that the undertaking required in such cases should provide not only for the payment of any deficiency, but also for the use and occupation of the mortgaged premises pending the appeal; for the language—that the undertaking "shall *also* provide," &c.—cannot be construed in any other way. The word "also," as there used, necessarily implies that the intention was, that in order to procure a stay of sale ordered by a judgment of foreclosure, pending an appeal from such judgment, the appellant must, in addition to his undertaking not to commit or suffer waste, and to pay the value of the use and occupation, *also* undertake to pay any deficiency arising from the insufficiency of the proceeds of the sale of the mortgaged premises to pay the mortgage debt.

According to our construction of this section of the Code, as derived from its terms, the intention of the legislature was that, with a view to protect the plaintiff from any damage by reason of the delay caused by an appeal in enforcing his judgment, the appellant must enter into the undertaking there prescribed, as it would not be just to allow him to retain possession of the premises after the court had adjudged the plaintiff's right to a sale thereof, without accounting for the use thereof during the time for which, by an unsuccessful appeal, the appellant delayed the plaintiff in enforcing a right found to have been properly adjudged to him. But, as Judge Fraser well says, it could not have been the intention to give the plaintiff, in addition to his mortgage debt, the amount of the value of the use and occupation, but only that such amount should go to aid in paying the mortgage debt in case the proceeds of the sale of the mortgaged premises should prove insufficient for that purpose. This, as we understand it, is what Judge Fraser plainly intended, by saying that the value of the use and occupation must go as a credit on the mortgage debt; and so construed, there was no error in this respect. The fact, that in the section there is no provision as to whom the undertaking is to be made payable to, is an indication

that the legislature did not intend that the amount secured thereby should be paid to the plaintiff or respondent *at all events*, but only in case such payment should be necessary to supply any deficiency in realizing the debt, the enforcement of which would be delayed by the appeal.

The position taken by appellants, that they cannot be held liable on the undertaking, as the judgment of foreclosure is not a judgment for the delivery of possession, cannot be sustained. This position is based upon the assumption, that the section only provides for the payment of the value of the use and occupation from the time of the appeal until delivery of possession, *as directed by the judgment;* and hence, as the judgment of foreclosure in this case does not direct the delivery of possession, it cannot apply. But such is not the language of the section. The language there used is, "from the time of the appeal until the delivery of possession thereof, *pursuant to the judgment.*" And it seems to us, that when possession is delivered to the purchaser at a foreclosure sale, he acquires such possession in pursuance of the judgment of foreclosure; as much so as if put into possession by a direct order of the court. Indeed, the words, "from the time of the appeal until the delivery of possession," are used merely to designate the beginning and the end of the period for which the appellant is to be held liable for use and occupation in case the appeal, which alone has enabled him to retain possession, shall be dismissed.

Inasmuch as the question here arises under a special statutory provision, we do not see how the question as to the right of the mortgagee to the rents and profits of the mortgaged premises, growing out of the relation of mortgagor and mortgagee, can arise, and hence that question has not been considered.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, without prejudice to the right of the plaintiff to move before that court for an order requiring the amount of the value of the use and occupation, as ascertained by the master's report, to be paid to her.