MUCKENFUSS v. FISHBURNE.

1. JUDGMENT.—Under facts here, refusal to open order of sale and judgment of foreclosure, after sale made, with no excuse for delay, because taken against defendants by surprise, inadvertence and excusable neglect, was proper.

2. SUPERSEDEAS.—APPEAL from order of sale in foreclosure does not stay sale, unless bond be given as required by section 352 of Code of Proc., 1902.

3. APPEAL—RES JUDICATA.—When an appeal from an order is dismissed, all questions made thereunder are finally determined.

4. REHEARING refused.

5. SUPERSEDEAS.—APPEAL from an order not appealable does not stay further proceedings below.

Before GARY, J., Dorchester, November, 1902. Affirmed.

Foreclosure by Harriet E. Muckenfuss against Helen M. Fishburne and Sophia F. S. Marion. Defendants appeal from order refusing to set aside judgment of foreclosure.

*Mr. Julian Fishburne,* for appellants, cites: Code, 195; 34 S. C., 246; 2 Dan. on Neg. Inst., sec. 1338; 21 S. C., 375.

*Messrs. Burke & Erckemann* and *Simons, Siegling & Capplemann,* contra, cite: 58 S. C., 453.

The opinion in this case was filed on August 3, 1903, but remittitur held up on petition for rehearing until

December 8, 1903.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was instituted January 3d, 1901, for the foreclosure of a mortgage on two lots situated in the town of Summerville, S. C., given by Helen M. Fishburne, March 3d, 1894, to secure the payment of a

bond executed to the plaintiff by Helen M. Fishburne and
Sophie F. S. Marion. Plaintiff also demanded judgment
against the defendants for the amount due on the bond.
Mrs. Fishburne in her answer denies all liability under the
bond and mortgage, alleging that she signed the same, at the
request of her husband, as guarantor or surety of her co-
defendant, Mrs. Marion; that the money borrowed on said
security was borrowed and used for the payment of the indi-
vidual debts and liabilities of Mrs. Marion, and that no part
thereof went into her hands, or was used for her individual
benefit or that of her separate property; that at the time of
signing the bond and mortgage she was a married woman,
and that under the law then in force she could not bind or
make herself liable on any contract or obligation except those
relating to and for the benefit of her separate estate. The
answer of Mrs. Marion, as far as it goes, is to the same
effect.

By consent of the parties, it was referred to the master of
Dorchester County to take the testimony in the cause and
report the same to the Court. The master's report was
filed February 1st, 1902. Mr. D. H. Behre, who was de-
fendants' counsel at that time, filed exceptions to this report.

The cause came on for trial at the February term, 1902,
of the Court of Common Pleas for Dorchester County,
Judge Townsend presiding. Messrs. Izlar Bros., who origi-
nally represented the defendants, had withdrawn from the
case and had been succeeded by Mr. D. H. Behre. An acci-
dent had recently befallen Mr. Behre, which prevented his
attendance, and no counsel appeared for defendants. In
view of the circumstances, the case was continued; and, to
speed the hearing of the cause upon its merits, the Court
ordered that, besides the testimony already taken and filed,
the master take and report such additional testimony as
might be offered, and file his report of same at least ten days
before the next term of Court. The defendants appealed
from this order, and upon the hearing in this Court the

judgment below was affirmed.  See *Muckenfuss* v. *Fish-burne,* 65 S. C.

While this appeal was pending, at the May term of Court, 1902, Judge Gage presiding, the case was again called for trial.  Mr. Julian Fishburne, agent of the defendants, appeared in their behalf, and asked for a continuance, stating that he had employed Maj. Jas. F. Hart as counsel, and as explanatory of his absence exhibited a telegram from him, of which the following is a copy: "Yorkville, S. C., May 17th, 1902.  To Julian Fishburne, Summerville, S. C. Cannot go to Georges, been sick all week.  Sorry.  (Signed) Jas. F. Hart."  The presiding Judge refused the motion on the ground that he was satisfied it was for delay and without merit, and proceeded to a trial of the cause on the pleadings and testimony, holding that the appeal from the order of Judge Townsend did not arrest the further progress of the action.  In a decree filed May 19th, 1902, the exceptions to the master's report were overruled; and it was ordered that judgment be entered against the defendants for the amount found due on the bond and mortgage, and that the mortgaged property be sold by the master on salesday in July, 1902. The defendants gave notice of appeal from this order and decree, but failed to perfect their appeal within the required time.  Notice was afterwards given of a motion in this Court to extend the time in which to serve the case and exceptions, but the defendants failing to appear, the motion was dismissed November 25th, 1902.

Pursuant to the order of Judge Gage, the master sold the mortgaged property on July 7th, 1902, and executed a deed for the same to the purchaser.  His report of sale and disbursements was filed August 16th, 1902.  The defendants thereupon gave notice that they would object to the confirmation of the report, setting out a number of exceptions thereto.  Prior to the sale, Julian Fishburne, husband of the defendant, Helen M. Fishburne, gave notice to the master that as the head of a family he was entitled to a home-

stead in the lands and buildings advertised to be sold, and that the same should be set off and assigned to him.

At the October term of Court, 1902, Judge Gary presiding, the cause came on for a hearing, on a motion by plaintiff to confirm the report of sale and a motion by defendants upon exceptions that the same be not confirmed. Defendants also moved to be relieved from the judgment, order and decree taken in the cause, and that the master's deed be cancelled, setting up in an affidavit that the said order and decree was taken through their surprise and excusable neglect by reason of the illness and non-appearance of their counsel, Maj. Hart, and that at the times the decree and the sale were made, an appeal from a previous order was pending in the Supreme Court. The defendants' motions were overruled and the master's report of sale confirmed in an order filed November 3d, 1902, the presiding Judge holding that there were no facts which would justify him in refusing to confirm the report; that the matters and things referred to in defendants' exceptions were before Judge Gage on the hearing of the main cause and, therefore, were not subject to review by him; and that the judgment, order and decree were not taken against the defendants by reason of their mistake, inadvertence, surprise or excusable neglect. From this order defendants appeal.

The first, second, third, fourth, fifth and eighth exceptions charge abuse of discretion and error of law by Judge Gary in refusing to open the judgment of foreclosure and sale made by Judge Gage, on the ground of inadvertence, surprise and excusable neglect. The record discloses that this application to Judge Gary was based on practically the same grounds which had been presented to Judge Gage on the application to continue the cause. In addition to this, the application to open the judgment was not made till after the master had sold the property, and no excuse was given for the delay. It is quite clear it would have been very improper in Judge Gary to attempt to open the judgment under these circumstances.

No reason is stated, and we can discern none, why Judge Gage did not have jurisdiction of the cause when he ordered the sale.   Besides, no question of this sort could be considered except under appeal from the decree of Judge Gage, and that appeal was dismissed.   The sixth exception is, therefore, overruled.

When the Court orders property to be sold to satisfy a mortgage, notice of appeal from the order does not stay the sale, unless an undertaking is given as required by Code of Civil Procedure, sec. 352.   No undertaking was given, and hence the seventh exception must fail.

The right of homestead, and the question whether Mrs. Fishburne was bound by the mortgage, being a married woman, claiming the mortgage was given for the exclusive benefit of Mrs. Marion, her codefendant, were necessarily adjudged by Judge Gage's decree, and could not be reconsidered by Judge Gary.   When the appeal from the decree of Judge Gage was dismissed, all the questions which appellants attempt to make in the ninth and tenth exceptions were finally determined.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

Petition for rehearing was dismissed, December 8, 1903, by the following *Per Curiam* order:

We are unable to find that any exception taken by defendants, or any material fact or principle of law has been overlooked in the decision of the above stated case.   It seems hardly necessary to say the appeal from the order of reference made by Judge Townsend did not operate to stay further proceedings in the Circuit Court or effect its jurisdiction to hear the cause, for the reason that such order of reference was not appealable.   *Muckenfuss* v. *Fishburne*, 65 S. C., 573; 2 Cyc., 889.   The petition for a rehearing is, therefore, re-

fused, and the order heretofore granted staying the remittitur is revoked.