12764

EX PARTE ANDREWS
CAMP FORNANCE DEVELOPMENT COMPANY v. PALMETTO
BUILDING & LOAN ASSOCIATION

(150 S. E., 313)

*Andrew J. Bethea,* of Columbia, S. C., for appellant.

*H. F. Jennings, A. W. Holman,* and *D. T. Faulkenberry,* all of Columbia, S. C., for respondent.

November 15, 1929.

The order of the Court was delivered by MR. JUSTICE BLEASE.

The plaintiff, Nichols, and others, instituted actions for foreclosure of real estate mortgages against Mrs. Andrews, the mortgagor, and others, in the Court of Common Pleas for Richland County. There was a decree in favor of the plaintiff, Nichols, for the foreclosure he sought and sale of the mortgaged premises. The mortgagor appealed to this

Court and filed undertaking to stay the sale of said premises. We reversed the judgment below with directions. See *Nichols v. Andrews,* 149 S. C., 1, 146 S. E., 610.

The cause proceeded to hearing in the lower Court, and resulted again in a decree of foreclosure and sale of the premises. The mortgagor, Mrs. Andrews, again appealed to this Court. Before the day fixed for the sale of the property, the appellant sought an order staying the sale pending her last appeal, under the provisions of Section 653 of the Code of Civil Procedure (Vol. 1, Code 1922). His Honor, Circuit Judge Townsend, who heard the cause, fixed the amount of the undertaking to be executed by the appellant, as provided for in the section to which reference has been made. But the appellant did not execute and file the required undertaking.

Pursuant to the terms of the Court's decree, the mortgaged premises were sold by the Master at public outcry. Following that sale, the Master executed and delivered to the successful bidder's assignee, the plaintiff Nichols, who had complied with the terms of sale, proper deed to the premises sold.

The appellant, who had been continuously in possession of the premises during the litigation, refused to surrender the same to Nichols, grantee in the Master's deed. Upon proper petition, Judge Townsend directed the issuance of a writ of assistance, requiring the Sheriff to put Nichols in the possession of the premises.

Upon the *ex parte* application of the appellant, the Chief Justice, on October 28, 1929, passed an order, requiring the respondent, Nichols, to appear before this Court on November 11, 1929, and show cause, if any he had, why the Sheriff of Richland County should not be restrained from dispossessing the appellant of the premises involved during the pendency of the appeal to this Court; and the said order also restrained the Sheriff from proceeding in the meantime to execute the writ of assistance.

The respondent, by his counsel, made return to the rule to show cause. That return, and appellant's petition, show the facts pertinent to the questions raised, passed on herein, to be as we have heretofore related.

It is our opinion, and we so hold, that the undertaking executed and filed by the appellant from the first decree of foreclosure and sale applied only to that particular appeal. It was proper because of that undertaking, for the sale ordered under that decree to be stayed. That undertaking, however, did not, and could not, operate to stay the sale ordered under the second decree. The first appeal was finally determined by the Court when we reversed the judgment there appealed from and remanded the cause to the Court of Common Pleas for Richland County.

It is true that this Court, or one of the Justices thereof, may make an order in any cause pending in this Court, staying proceedings in the Court from which the appeal comes, where it appears proper that such course should be taken, when a certified copy of the notice of appeal, with proof of service thereof, has been filed with the Clerk of this Court. See Rule 18 of Supreme Court Rules, as revised May 10, 1926.

But the rule mentioned does not have, and was not intended to have, the effect of interfering in any way with the provisions of Section 653 of the Code of Civil Procedure. By that section appellant could have procured a stay of "the sale or delivery of possession" of the real property involved in the suit, upon execution of the undertaking therein provided. When she failed to take advantage of the opportunity there given her, it was the duty of the master to proceed with the sale. The purchaser at the sale, upon complying with the terms thereof, was entitled to possession of the premises, even though the appeal from the decree was pending in this Court. See *Muckenfuss v. Fishburne,* 68 S. C., 45; 46 S. E., 537; *Gerald v. Gerald,* 30 S. C., 348; 9 S. E., 274.

Since applications to stay proceedings of sale and delivery of possession of real property under decrees in foreclosure, appealed from, are frequently made to the members of this Court, for the information of the bar, we take the opportunity to say that hereafter such applications will be refused on the ground that proper relief may be had under the section of the Code to which we have referred.

For the reasons stated, the rule to show cause is discharged, and the order staying proceedings below is revoked.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.