## 18019

C. G. CARSTEN, Respondent, v. Willie WILSON, J. T. Floyd, L. R. Laird, and Ray Truluck and C. Harry Truluck, doing business under the firm name and style of Truluck Brothers, of whom Willie Wilson is, Appellant.

(129 S. E. (2d) 431)

*Messrs. Elliott D. Turnage,* of Darlington, and *Frank E. Cain, Jr.,* of Bennettsville, *for Appellants,*

*Messrs. Shuler & Harrell,* of Kingstree, *for Respondent,*

January 29, 1963.

Moss, Justice.

This is an action to foreclose a real estate mortgage executed and delivered by one Arrington Wilson to C. G. Carsten, the respondent herein. The mortgage, dated December 1, 1954, was given to secure the payment of an indebtedness represented by a bond in the amount of $14,156.00, which said bond was due on December 1, 1957. The mortgage constituted a lien upon a tract of land containing one hundred and eighty-seven acres owned by the said Arrington Wilson.

It is admitted that on August 27, 1957, Arrington Wilson conveyed the mortgaged premises to his son, Willie Wilson,

the appellant herein. The complaint alleges that by this deed the appellant agreed to assume the payment of the debt secured by the aforesaid mortgage.

The allegations of the complaint are the usual ones found in an action for the foreclosure of a real estate mortgage. The appellant by answer, sets up (1) a general denial; (2) "that said Arrrington Wilson was illiterate and unable to understand the nature and effect of any written instrument, and was unable to sign his name to same, except by mark"; (3) a specific denial that Arrington Wilson was indebted to the respondent in any amount whatsoever; and (4) that the mortgage sought to be foreclosed was without consideration and constituted a cloud on the appellant's title to the land in question.

The respondent moved before the Honorable James Hugh McFaddin, Resident Judge of the Third Circuit, for an Order of Reference and for the appointment of a receiver for the mortgaged premises. Thereafter, on March 10, 1962, Judge McFaddin issued a general Order of Reference appointing the Honorable Phillip C. Stoll, as Special Referee, to hear and determine all issues made by the pleadings and to report the same to the Court. The motion for the appointment of a receiver was denied. Pursuant to the Order of Reference, the Special Referee convened a hearing on April 5, 1962, at which time the testimony was taken. Thereafter, the said Special Referee did, on April 21, 1962, file his report in the office of the Clerk of Court for Williamsburg County, and due notice of such filing was given to the attorneys for the appellant. The Special Referee found that the mortgage sought to be foreclosed was executed by Arrington Wilson to the respondent, who issued his check in the exact amount of the debt secured by the mortgage, and this fund was properly disbursed for the benefit of the said Arrington Wilson by Shuler and Harrell, Attorneys at Law, of Kingstree, South Carolina. The Special Referee further found that there was no failure of consideration and that the mortgage was executed to secure the payment of the indebtedness represented

by the bond, and foreclosure was recommended because of default in the payment of the indebtedness secured by the said mortgage. The Special Referee also found that the said Arrington Wilson was mentally competent at the time he executed the said bond and mortgage to the respondent.

It further appears that no exceptions were filed by the appellant to the Report of the said Special Referee, even through such was filed in the office of the Clerk of Court for Williamsburg County on April 21, 1962, and due notice of such filing was given to his attorneys. The record also shows that on May 9, 1962, that the attorneys for the respondent gave due and timely notice to the attorneys for the appellant that they would move on May 15, 1962, before the Honorable James Hugh McFaddin, for an Order approving the Report of the Special Referee and for a decree of foreclosure and sale of the premises involved in this action. Judge McFaddin did, on May 15, 1962, issue a decree of foreclosure and sale in which he ratified, approved and confirmed the findings made by the Special Referee. Neither the appellant nor his attorneys appeared, as required by the aforesaid notice, to object or contest the granting of the decree of foreclosure and sale. Pursuant to the aforesaid decree, the mortgaged premises, after due advertisement, were sold at public auction on June 4, 1962.

The appellant, prior to the sale of the premises under the foreclosure decree, did, on May 31, 1962, give notice of intention to appeal to this Court from the decree of foreclosure and sale. Thereafter, on June 15, 1962, the appellant filed a motion to invalidate the sale of the mortgaged premises made pursuant to the decree of foreclosure on the ground that the respondent failed to post bond as required by Section 7-412 of the 1952 Code of Laws, as amended. The appellant contended before the Trial Judge that since he had given notice of intention to appeal to this Court, prior to the sale of the premises under the decree of foreclosure, such notice stayed the sale unless the respondent posted a bond pursuant to Section 7-412 of the Code, as amended. The Trial Judge de-

nied such motion as made by the appellant and refused to set aside the sale of the mortgaged premises. It is from the decree of foreclosure and the order denying the aforesaid motion that the appellant has prosecuted this appeal.

The appellant has filed five exceptions to the decree of foreclosure and sale, each of which charges the Trial Judge with error in ratifying, approving and confirming the findings of the Special Referee. The questions posed by these exceptions are not properly before us for decision. As is heretofore stated, the appellant did not file any exceptions to the report of the Special Referee. If he conceived that the Special Referee had erred in his findings of fact and conclusions of law, it was the duty of the appellant to except to such findings within ten days after written notice of the filing of the report of such Referee. Sections 10-1412 and 10-1511 of the Code. Circuit Court Rule 16. The conclusions of a Special Referee, if not challenged by exceptions to his report, become the law of the case. *Kerr v. City of Columbia,* 232 S. C. 405, 102 S. E. (2d) 364. Since the appellant filed no exceptions to the report of the Special Referee, it is not proper for us to consider questions which were not so raised. *Taylor v. Taylor,* 229 S. C. 92, 91 S. E. (2d) 876; *Wise v. Picow et al.,* 232 S. C. 237, 101 S. E. (2d) 651; *White v. Livingston,* 231 S. C. 301, 98 S. E. (2d) 534, and *Lisenby v. Newsom,* 234 S. C. 237, 107 S. E. (2d) 449. In the last cited case we held that where question was not made by exceptions to the Master's Report and, therefore, was not decided by the Trial Court, question would not be considered by reviewing Court.

An action for the foreclosure of a real estate mortgage is one in equity. *Carolina Housing & Mortgage Corp. v. Orange Hill A. M. E. Church et al.,* 230 S. C. 498, 97 S. E. (2d) 28. In an equity case, findings of fact by a Special Referee and concurred in by the Circuit Judge are conclusive upon this Court, and will not be disturbed unless it is shown that such findings are without any evidence to support them or are against the clear preponderance of

the evidence. *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447.

Here, purely *ex gratia,* we have considered the exceptions of the appellant in the light of the evidence and we conclude, without difficulty, that there is ample evidence to support the factual conclusions reached by the Special Referee, which were concurred in by the Circuit Judge.

The only other question for determination is whether the Trial Judge erred in refusing to set aside the foreclosure sale because the respondent had failed to post a bond after the appellant had given notice of appeal to this Court. It is the contention of the appellant that because he gave notice of intention to appeal to this Court from the decree of foreclosure, prior to the sale of the premises under such decree, such notice stayed the sale, unless the respondent posted a bond pursuant to Section 7-412 of the Code, as amended. This section is not applicable to the situation here involved. In the case of *Pelzer Mfg. Co. v. Cely,* 40 S. C. 430, 18 S. E. 790, this Court interpreted such section as referring to a sale under execution to enforce a judgment directing the payment of money. In the cited case it was held that even though the aforesaid section authorizes judgment on a money demand and a levy of execution after notice of appeal, the said section forbids a sale of property under such levy without bond from the judgment creditor to protect the debtor in case there should be a reversal by this Court.

The appropriate statute applicable here is Section 7-417 of the Code, which refers to a judgment appealed from directing the sale of real property. It is provided in said section that "If the judgment appealed from directs the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless a written undertaking be executed on the part of the appellant * * *." This section is applicable to a judgment which directs the sale of land to satisfy a mortgage thereon. This Court has held that where there is a decree ordering property to be sold

to satisfy a mortgage, a notice of appeal from such decree does not stay the sale unless an undertaking is given by the appellant as required by Section 7-417 of the Code. *Muckenfuss v. Fishburne,* 68 S. C. 41, 46 S. E. 537; *Gerald v. Gerald,* 30 S. C. 348, 9 S. E. 274, and *Ex parte Andrews, (Camp Fornance Development Co. v. Palmetto Building & Loan Ass'n)* 152 S. C. 325, 150 S. E. 313. If the appellant in this action desired to stay the sale of the mortgaged premises, it was his duty to give a bond in conformity with Section 7-417 of the Code. Since he did not give such a bond, his appeal from the order of sale in foreclosure did not stay the sale. The Trial Judge was correct in refusing the motion made by the appellant to invalidate the sale of the premises described in the decree of foreclosure and sale.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.