0174

Frank W. PRICE, Respondent, v. Ross G. CUMMINGS, Doris J. Cummings, Appellant.

(316 S. E. (2d) 421)

Court of Appeals

*Felix B. Clayton,* North Charleston, *for appellant.*

*Gerald A. Kaynard,* Charleston, *for respondent.*

Heard Feb. 22, 1984.

Decided May 14, 1984.

SHAW, Judge:

This is a mortgage foreclosure action in which the respondent Frank Price is alleging nonpayment of a note and seeking attorney's fees as provided in the note and mortgage. Both the Master in Equity and the Circuit Judge ordered the property to be sold and awarded $1,500 in attorney's fees. We affirm.

Price and Cummings entered into a contract in November of 1976 whereby Cummings agreed to renovate Price's home for the sum of $18,251. After $15,000 of the contract price had been paid but only 20-30% of the work completed, Cummings realized that he could not finish the job for the contract price. Price claims this situation arose because of Cummings' underestimation of the costs and his inability to provide funds. Cummings claims this situation arose because Price made substantial changes in the work he desired; however, no written change order was ever submitted to the savings and loan association, which was Cummings' responsibility, as required by the construction loan agreement.

In April of 1977, Price agreed to loan Cummings $12,000 to complete the renovation by June 1, 1977. In return, Price received a promissory note for $12,000 and a second mortgage on Cummings' house in the amount of $9,653. Both the note and mortgage were properly executed. The mortgage provides for attorney's fees of a minimum of 10% of the amount involved upon default. The parties subsequently executed an addendum stating when Price received a mortgage-construction loan, he would return the mortgage free and clear to Cummings.

Payment of the $12,000 by Cummings to Price was due on September 1, 1977. In November of 1977, no payment on the note had been made, and the work on Price's house had not been completed. Cummings stopped working on the house this same month even though the house was unfinished.

Price instituted this foreclosure action in October of 1978. Both the Master and Circuit Judge ruled that Cummings made no claims for monies due from change orders until the litigation, that Price showed sufficient defects, deficiencies, and delays to offset any claims for change orders, that the addendum is of no effect due to failure of consideration by Cummings, and that Cummings was aware that the note and mortgage were legally binding. Both also awarded $1,500 as reasonable attorney's fees.

In an action in equity tried first by the Master and concurred in by the Circuit Judge, the findings of fact will not be disturbed on appeal unless found to be without evidentiary support or against a clear preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). This rule applies with equal force to the foreclosure of a real estate mortgage. *Carsten v. Wilson*, 241 S. C. 516, 129 S. E. (2d) 431 (1963).

We need not reach the issue of whether the addendum requires a separate consideration to be enforceable (though it appears that the addendum was executed contemporaneously with the agreement as part of the inducement for giving the mortgage). Both the Master and Circuit Judge found that Cummings was unable to complete construction by June 1, 1977, as he was required to do. We are not at liberty to disturb this factual finding. *Townes Associates, supra; Carsten v. Wilson, supra.*

The partial completion of a structure under a contract requiring that the construction be completed precludes recovery from the owner under the contract. *Baker v. Aetna Insurance Co.*, 274 S. C. 231, 262 S. E. (2d) 417 (1980). That is the situation. Cummings failed to complete the work by June 1, 1977, as required by the contract. He later ceased work in November of the same year even though Price's house was unfinished. Since the agreement required Cummings "to complete the work agreed upon," the addendum remained executory and unenforceable by Cummings.

Affirmed.

Sanders, C. J., and Bell, J., concur.