## OLLEVER v. DUVAL.

1. Where the findings of fact by a trial justice as to the terms of a verbal agreement are concurred in by the Circuit Judge, this court has no power to review these findings.
2. A verbal promise by the owner of a house in process of construction to pay for lumber thereafter furnished to the contractor, is within the statute of frauds, and void, where the lumbermen continue to charge the lumber to the contractor and to forward it to him as consignee.

Before PRESSLEY, J., Fairfield, September, 1889.

Action by E. W. Ollever and C. K. Morrison, as partners under the firm name of Ollever & Morrison, against Mary A. Duval, commenced before a trial justice on June 26, 1889. From the judgment of the Circuit Court in favor of defendant, plaintiffs appealed upon twelve grounds, which were properly condensed by appellants' counsel into these three questions : 1. Did the respondent promise the appellants to pay them for the lumber which they sent up after the first interview between Mrs. Duval and Mr. Morrison ? 2. If she did make such a promise to pay appellants for said lumber, was her promise an *original agreement,* or was it a promise to pay the *debt of another ?* 3. Even if it be held that

her promise was in form a promise to pay the debt of another, is it, under the circumstances of this case, void under the statute of frauds ?

*Mr. H. N. Obear,* for appellants.

On the second and third questions, counsel cited *Chit. Cont.* (7th Am. edit.), 507, n. 2; 1 *Sm. Lead. Cas.,* 369, n. *, · 269; 3 *Strob.,* 177; 22 *How.,* 43; 95 *Am. Dec.,* 258; 2 *S. W. Rep.,* 37; 5 *Gray,* 45; 13 *N. E. Rep.,* 80; 69 *Ill.,* 401; 6 *S. E. Rep.,* 174.

*Messrs. Ragsdale & Ragsdale,* contra.

March 13, 1890. The opinion of the court was delivered by

Mr. Justice McGowan. This was an action brought by plaintiffs before a trial justice to recover $58.21. The trial justice, T. M. Cathcart, Esq., reported as follows: "It seems that the defendant has recently erected a hotel in the town of Winnsboro ; that she employed one Frank Leitner, a carpenter, to put up this building for her, and that she was to pay a fixed sum to him ; that Leitner was to furnish all materials to be used on the building, except some the defendant had already on hand ; and that defendant was to pay him $1,500 for putting up the building; and that she was to make advances from time to time, to enable him to proceed with building. Leitner procured lumber from a number of mill men, and among others the plaintiffs, who had some difficulty in collecting their first bill, and threatened to have the lumber attached before it was put on the building. After this threat, Mrs. Duval consented to furnish the money to pay the bill, and did furnish it; that there and then a conversation occurred, in which it was agreed that plaintiffs should send on the remainder of the bill, and, as Mr. Morrison (who negotiated the transaction) understood, that Mrs. Duval would pay, or furnish the money to pay, the bill ; that after this conversation, plaintiffs shipped to Leitner, the contractor, a bill of lumber of the value of $158.21, of which $100 was paid, leaving a balance of $58.21. The plaintiffs did not change the consignee, and charged no lumber on their books to the defendant."

The trial justice found as matter of fact: 4. That plaintiffs did not, after the difficulty in collecting the first bill, change the consignee, but continued to ship the lumber to Frank Leitner, charging him with the same on their books, but indicating on the books, as they had done all along, that the lumber was for the hotel. 5. Inasmuch as the plaintiffs, after the first difficulty, did not change the consignee, but continued to ship lumber to Frank Leitner, the contractor, and charge him with the same on their books, "it would seem that they have failed to establish, by a preponderance of the evidence, the existence of a new contract between themselves and Mrs. Duval; and, also, that they had discharged Leitner from legal liability to them, and that they looked alone to Mrs. Duval for the money, as principal and not as surety for Frank Leitner," and therefore he rendered a decree for the defendant.

From this judgment the plaintiffs appealed to the Circuit Court, and Judge Pressley confirmed that judgment. The plaintiffs now appeal to this court, filing twelve grounds. They are long, may be found printed in the "Brief," and need not be restated here.

The statute of frauds provides that no action shall be brought to charge the defendant for the debt, miscarriage, or default of another, unless the contract shall be in writing. This implies, of course, that an original contract, for good and sufficient consideration, may (with well known exceptions) be enforced, whether the contract be merely verbal or in writing. The question here is, whether there was any agreement between these plaintiffs and Mrs. Duval as to the payment for the second bill of lumber; and if so, what were the terms of that agreement—whether Mrs. Duval only agreed to *guarantee* the debt of Leitner, or made an independent original agreement that she would pay for the lumber, releasing and wholly disregarding Leitner, as if he had never been in any way connected with the matter of the lumber. The alleged agreement was verbal, and the testimony upon the subject was conflicting.

It would seem that there must have been some understanding as to the payment for the lumber, for it was to Mrs. Duval's interest that it should be delivered, and the plaintiffs (after their recent experience) would not have delivered it but for an expectation, at

least, that she would either pay or see it paid for. The trial justice held, substantially, that there was some understanding, but in view of the circumstances, that Leitner was to furnish the material for building the house, that he originally engaged the lumber, and that the plaintiffs continued to charge it to Leitner on their books, and to deliver it to him, &c., the trial justice found as matter of fact, that "the plaintiffs had failed to establish the existence of a new contract between themselves and Mrs. Duval which discharged Leitner from legal responsibility, and made her the principal, and not merely security, for Leitner." In affirming the judgment of the trial justice, the Circuit Judge concurred in this finding.

While this court would undoubtedly have the right, as matter of law, to construe a contract in writing, yet where the contract is verbal—to be reached only through the medium of testimony—and the tribunal appointed for that purpose has considered that testimony and reached a conclusion in a law case, we do not think that this court, in the exercise of its appellate jurisdiction for the correction of errors of law, has the right to review that finding. *Davis* v. *Schmidt*, 22 S. C., 128. The fact as found by the trial justice, and concurred in by the Circuit Judge, must be considered as established, and that is necessarily conclusive of the case.

In the case of *Taylor* v. *Drake* (4 Strob., 431), it was held, that "if the person, for whose use goods are furnished, be liable at all, any promise by a third person to pay that debt must be in writing." *Leland* v. *Creyon*, 1 McCord, 100. See *Bronson* v. *Stroud*, 2 McMull., 372. In *Williams* v. *Caldwell* (4 S. C., 100), it was held as follows: "G. requested W. to ship to him certain goods, and C. promised W. to accept G.'s draft for the amount of the goods if he would comply with the request; which was done, and the goods charged on W.'s books to G.: held, that G.'s promise was within the statute of frauds, and void for want of writing." In the opinion of the court, it is said: "The transaction, regarded as one of purchase and sale, was between the plaintiffs and Gayle. The promise of the defendants were both inducement and consideration to such contract of sale, and was, in substance, a contract to assure the performance of what Gayle had undertaken to do, viz., to pay for the goods purchased."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.