9371

DAVIS v. BLUM.

(88 S. E. 465.)

1. FRAUDS, STATUTE OF — EVIDENCE — QUESTION FOR JURY. — When the facts are undisputed or susceptible of only one inference, it is a question of law whether the contract sued on is an original or a collateral undertaking within the statute of frauds; but where there is a conflict in evidence, or it is open to more than one inference, it is for the jury.

2. FRAUDS, STATUTE OF—REVIEW—FINDINGS OF TRIAL COURT.—In an action on a contract claimed to be within the statute of frauds as an agreement to pay the debt of another, findings of the trial Court are not reviewable unless wholly unsupported by evidence.

3. FRAUDS, STATUTE OF—PROMISE TO ANSWER FOR THE DEBT OF ANOTHER —ORIGINAL OR COLLATERAL PROMISE.—Where plaintiff as Judge of probate told the defendant that he would not go ahead with the will case in reliance on the statutory liability of the defendant's wife, and defendant promised to pay the costs of the case, and plaintiff agreed to look solely to the defendant, it was not a collateral agreement to pay the debt of another, but a direct and original undertaking and without the statute of frauds.

4. WILLS—LIABILITY OF THIRD PERSON FOR COSTS—EFFECT OF JUDGMENT.—In an action by a Judge of probate on an agreement by the defendant to pay the costs in a will action in which the defendant's wife was a party, the fact that the costs in the will action were entered against the defendant's wife was not conclusive of her liability to this plaintiff, as the defendant who had assumed their payment was not a party to that action.

5. FRAUDS, STATUTE OF—PROMISE TO ANSWER FOR THE DEBT OF ANOTHER —CHARGES ON CREDITOR'S BOOKS.—Charges and entries on creditor's books may be explained in determining whether agreements to be

responsible are original or collateral promises, within the statute of frauds.

6. WILLS—COSTS—LIABILITY OF THIRD PERSON.—The fact that the statute makes the losing party liable for costs does not relieve the defendant from liability, as he agreed to pay them knowing the law.

7. CONTRACTS — CONSIDERATION — AGREEMENT TO PAY COSTS.—Although the defendant had no legal interest in the will case, since a loss or detriment to the promisee is sufficient as consideration as well as benefit to the promisor, the work done by the plaintiff and his agreement to look solely to the defendant for his pay was sufficient consideration for the defendant's promise.

Before RICE, J., Dillon, March, 1915. Affirmed.

Action by J. C. Davis, Probate Judge for Dillon county, against I. Blum, originally brought in magistrate's Court.

The testimony of plaintiff, Judge of Probate, was that the defendant told him that he would pay the costs in a certain will case should it go against his wife, who was contesting the probate; that on the strength of such promise, he proceeded with the case and looked to the defendant for payment when it was concluded. The defendant by his testimony denied making such promise and in his pleadings set up the statute of frauds.

The judgment in favor of plaintiff, was on appeal to the Circuit Court affirmed, and from the judgment rendered in the Circuit Court the defendant appealed on the following exceptions:

1. That the Circuit Judge erred in dismissing defendant's appeal, in that the testimony given before the magistrate showed that the alleged promise of the defendant to pay plaintiff the costs for which he sued, was in effect the prom-

FOOTNOTE.—Original or collateral nature of an oral promise within statute of frauds as question of fact, see note in 36 A. & E. Ann. Cas. 1915b, 257. Depending on intention of parties, see 31 A. & E. Ann. Cas. 1914a, 490, 15 L. R. A. 214 to 224. Distinction under statute of frauds between sales of personalty and agreements for work and labor, see notes in 14 L. R. A. 230, 30 L. R. A. (N. S.) 319, and 43 L. R. A. (N. S.) 97.

ise to pay the debt or liability of another person, and said alleged promise not being in writing, was within the 4th section of the statute of frauds, and the defendant could not, therefore, be held liable upon such an alleged promise to pay.

2. That the Circuit Judge should have sustained defendant's appeal and dismissed the complaint on the ground that, since the action was brought to recover costs accruing to the plaintiff in a proceeding to prove the will of Rebecca Schafer in solemn form, the party really liable for such costs was the estate of the said Rebecca Schafer, and the Circuit Judge erred in not so holding.

3. That the Circuit Judge erred in not sustaining defendant's appeal on the ground that the magistrate erred in not charging the jury as requested, which request was in writing and is set out in paragraph numbered three of the grounds of appeal.

4. That the defendant's appeal should have been sustained and the complaint dismissed for the reason that the testimony showed that a judgment had been entered up for said costs in the proceeding to prove the will of R. Schafer in solemn form.

So that should this judgment stand, plaintiff should then have two judgments against different parties for the same alleged cause of action.

*Messrs. Sellers & Moore,* for appellant, cite: *As to validity of oral agreement:* 1 Bail. 419; 24 S. C. 596; 19 N. Y. Supp. 237. *Contract of guaranty:* 29 S. C. 14; 1 Rich. 223; 4 S. C. 105; 4 Strob. 431; 20 Cyc. 164; 68 S. C. 396; 3 Parsons, Contracts 24; 3 Strob. 207; Civil Code, secs. 3735 and 3737; 12 Rich. Eq. 230.

*Messrs. Gibson & Muller,* for respondent, cite: *As to statute of frauds:* 85 S. C. 94; 29 S. C. 14; 68 S. C. 392; 3 Strob. 77. *As to costs:* 8 Rich. Eq. 91; 12 Rich. Eq. 229.

April 5, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

I think the judgment below should be affirmed for these reasons:

When the facts are undisputed or susceptible of only one inference, it is a question of law whether the contract sued on is an original or a collateral undertaking within the statute of frauds. But where there is conflict in the evidence, or it is open to more than one inference, it is a question of fact for the jury. *Lorick* v. *Caldwell,* 85 S. C. 94, 67 S. E. 143. And, in a law case like this, the findings of the Circuit Court are not reviewable, unless wholly unsupported by evidence. *Ollever* v. *Duval,* 32 S. C. 273, 10 S. E. 1070; *Speer* v. *Meschine,* 46 S. C. 505, 24 S. E. 329.

The verdict of the jury, affirmed by the Circuit Court, establishes the fact that the contract here sued on was an original undertaking of defendant that he would be liable to plaintiff for the costs that would otherwise have been taxable against defendant's wife. It was not a collateral agreement to be security for payment by his wife, to pay if she did not, or to see that she should pay. According to plaintiff's testimony, defendant's wife was not liable to him at all, for he said that he told defendant that he would look solely to him for his pay. It follows that it was his own and not his wife's debt that defendant promised to pay. It may be conceded that the fact that the costs were taxed against Mrs. Blum in entering up the judgment was some evidence, tending to show that plaintiff did not look solely to defendant, but it does not by any means show that fact conclusively; nor does it show that she was liable to plaintiff for them, or that she could have been made to pay them. In *Lorick* v. *Caldwell, supra,* the goods were charged

on plaintiff's books to Hall, the man to whom most of them were actually delivered, and it was written on the books that payment of the account was "guaranteed by Caldwell." No doubt, that was evidence tending to prove that plaintiff did not look solely to Caldwell for payment, and that Caldwell's agreement was merely that he would guarantee payment by Hall, and was, therefore, collateral; but it was not conclusive of those inferences, and the case was submitted to the jury, which found the contrary. Such charges and entries on the creditor's books may be explained. 20 Cyc. 183. If entered in the judgment at all, the costs had to be taxed against Mrs. Blum, for this defendant was not a party to the proceeding; and doubtless they were formally taxed in the case for the purpose of letting defendant know the extent of his liability to plaintiff.

Nor does the fact that the statute makes the losing party liable for costs affect the question. The parties knew that to be the law. But plaintiff told defendant that he would not proceed with the case and do the work in reliance upon the statutory liability of Mrs. Blum. Thereupon defendant said to him, "Go ahead and do the work, and I will pay you." There was nothing collateral about that. It was a direct and original undertaking. Plaintiff certainly had the right to agree to waive Mrs. Blum's liability to him under the statute, and to look solely to defendant for his pay, and the verdict establishes that as what was done.

It is contended that, because defendant had no legal interest in the case, there was no consideration for his promise. No doubt, where the purpose of the promisor is to subserve some purpose of his own, the promise may be binding though it is in the form of a promise to pay the debt of another. But loss or detriment to the promisee is sufficient as a consideration as well as benefit to the promisor. Here, the doing of the work by plaintiff and agreeing to look solely to defendant for pay was a sufficient consider-

ation for defendant's promise. *Ellis* v. *Carroll,* 68 S. C. 376, 47 S. E. 679, 102 Am. St. Rep. 679.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur in the opinion of the Court.

MR. JUSTICE WATTS dissents.