### 9695

### FOX & WEEKS v. LANEY.

#### (92 S. E. 1044.)

Frauds, Statute of—Debt of Another—Original Promise.—An oral agreement by the daughter of deceased to pay for certain funeral equipment and services performed in connection with the funeral is not within the provision of the statute of frauds as to actions on a special promise to answer for the debt of another, where there is no contract whereby any other person became obligated to pay for such equipment and services.

Before Wilson, J., Anderson, Spring term, 1917. Reversed.

Action by Fox & Weeks against Mrs. Alice M. Laney. From judgment for defendant, plaintiffs appeal.

*Mr. S. M. Wolfe,* for appellants, submits: *Charge was misleading and not applicable to case:* Bashfield Instructions to Juries, pp. 182, 194; 60 S. C. 9; 57 S. C. 280; 102 S. C. 57; 78 S. C. 537; 58 S. C. 247. *Original promise:* 9 Cyc. B. 666. Consideration: *9* Cyc., pp. 310, 311, 315; 3 Parsons Contracts 24; 29 S. C. 9. *Charge misleading:* 102 S. C. 413.

*Mr. L. L. Rice,* for respondent.

June 27, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action upon an account, and the allegations of the complaint are as follows:

"(1) The plaintiffs herein respectfully show to the Court that they comprise a partnership doing business as funeral directors and embalmers in the city of Savannah, Chatham county, Ga.; that the defendant, Mrs. Alice M. Laney, is the wife of C. D. Laney, and resides with him in the county of Anderson, in the State aforesaid.

"(2) That heretofore, to wit, on the 23d day of March, 1916, and on the 24th of March, 1916, respectively, at her instance and contract, plaintiffs sold and delivered certain funeral equipment, furnished certain conveyances, and performed certain services, as is set out in itemized and sworn to statement attached, marked 'Exhibit A' and made a part hereof, incident to the funeral of defendant's mother, Mrs.

Joseph Dawsey, for which they are due $125.50, for which plaintiffs pray judgment against defendant accordingly."

The defendant denied the allegations in the second paragraph, and set up the statute of frauds as a defense. The jury rendered a verdict in favor of the defendant, and the plaintiff appealed.

His Honor, the presiding Judge, upon request of the defendant's attorney, charged the jury as follows:

"(1) I charge you that the statute of frauds requires a promise to pay the debt of another to be in writing, signed by the party to be charged.

"(2) If you find that Mrs. Laney assumed or promised to pay the debt of another person, you will find for defendant, as to all items so assumed or promised to pay, unless it was in writing."

The error assigned by the appellant is, because said charges are inapplicable to the facts of the case, confusing, misleading and prejudicial to the rights of the plaintiffs.

There was testimony to the effect that none of the articles had been sold, and no part of the services mentioned in the statement of account had been rendered, at the time of the agreement alleged in the complaint, between the plaintiffs and the defendant, that the plaintiffs did not look for payment to the estate of the defendant's mother, or to any other person than the defendant, and that they were induced by her promises to sell the said articles and perform the said services. In her testimony the defendant said:

"The first I knew of Fox & Weeks was when me and my brother went down there, and picked out the things. We just went in there and picked out the shroud and coffin to put her in. I didn't tell them I would pay a thing. I told them that I would pay my part of it. I am still willing to pay my part of it. I wrote him a letter to that effect. I told him just to send me two more carriages; there was such a big crowd I didn't think I had enough. All the family

was there.    I never agreed to pay all the bill.    I am willing.
to pay my part."

The following statement appears in the record:

"The case was given to the jury at approximately 4 o'clock
in the afternoon.    At 6 o'clock the jury was still out, and
respective counsel agreed, rather than detain the Judge in
Court, to have the jury return a sealed verdict.    The bailiff
was instructed to bring the jury in the Court room that they
might be instructed accordingly.    And upon their being
brought in, the foreman informed the Court that the jury
was confused as to the law and desired a further charge 'on
the statute of frauds,' and asked if the jury could find for
any part of the amount. · Whereupon the Judge charged the
jury substantially as before on this point.    The jury again
retired, and at approximately 10:30 o'clock that night
brought in a sealed verdict.    When the verdict was published
next morning, it was for the defendant."

The section of the statute of frauds which provides that
no action shall be brought whereby to charge the defendant
upon any special promise to answer for the debt, default, or
miscarriage of another person, unless the agreement upon
which such action shall be brought shall be in writing, con-
templates that the rights of three separate parties shall be
involved, the party making the promise, the party to whom
the promise is made, and the party owing the debt for which
the other party promises to answer.    At the time the plain-
tiffs and the defendant entered into the said agreement, there
was no contract, either express or implied, between the
plaintiffs and any other person, whereby he or she had
become obligated for said indebtedness.

Therefore the agreement between the plaintiffs and the
defendant was. original and not collateral, and the statute of
frauds was inapplicable.    *Lorick* v. *Caldwell,* 85 S. C. 94,
67 S. E. 143; *Davis* v. *Blum,* 104 S. C. 218, 88 S. E. 455.

Judgment reversed, and the case remanded for a new trial.