12576

NICHOLS *ET AL.* v. ANDREWS *ET AL.*

(146 S. E., 610)

*Mr. James S. Verner,* for appellant, 

*Messrs. H. F. Jennings, A. W. Holman,* and *D. T. Faulkenberry,* for respondents, 

February 7, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This case has an exceedingly unsatisfactory presentation. It is an action of foreclosure commenced February 21, 1927, by the plaintiff, Nichols, as assignee of a bond and mortgage executed and delivered by the defendant, Ida L. Andrews, to the Palmetto Building & Loan Association for $2,500.00, dated April 28, 1925. The defendant, Woodward, set up in his answer a claim as assignee of a bond and mortgage executed and delivered by the defendant, Ida L. Andrews, to the same association for $500.00, dated August 5, 1925.

The defendant, Mrs. Andrews, admits the execution and delivery of both bonds and mortgages, but denies that she received from the association anything upon them, pleading failure and want of consideration.

The case was referred to the Master of Richland County to hear and determine all of the issues in the case, of law and fact. He filed a report dated September 1, 1927. In reference to it, the Circuit Judge says in his decree: "By her answers the defendant, Ida L. Andrews, pleaded a want and failure in the consideration of both mortgages. Although the defendant, Ida L. Andrews, served her answer to the complaint on the attorney for the plaintiff, and although she served a separate answer to the cross answer of the defendant, P. M. Woodward, in which she specifically pleaded a want and failure in the consideration of the bond and mortgage set out in the answer of the said P. M. Woodward, the Master made no reference in his report to the defense of the said Ida L. Andrews to the causes of action set out in the complaint and in the answer of the defendant, P. M. Woodward, but merely computed and reported what he considered to be due upon the said two mortgages."

The matter came on to be heard by his Honor, Judge Townsend, upon exceptions to the Master's report. He filed a decree dated November 12, 1927, confirming the Master's report, making a specific finding of fact that the defendant, Mrs. Andrews, had received the proceeds of both loans made to her by the association, and decreeing foreclosure. From it she has appealed.

It is found by the decree and conceded that "she did not at that day, either in person or otherwise, receive any money, credit or other thing of value from the said Palmetto Building & Loan Association as the consideration for execution of the said bond and mortgage." This fact is shown by the books of the association, which in part account for the proceeds of the loan of $2,500.00 thus:

1925

May 15. Paid L. M. S. Bank ................$ 503.35

 27. Paid McFaddin, Attorney ........... 500.00

 27. Paid American Bank .............. 250.00

July 11. Paid McFaddin, Attorney ........... 500.00

 $1,753.35

These payments were made by the checks of A. D. Mc-Faddin, Attorney, who was secretary-treasurer of the association.

The decree states: "This testimony and these checks and entries conclusively show that the only money which the Palmetto Building & Loan Association parted with by reason of the bonds and mortgages given it by Ida L. Andrews was the sum of Seventeen hundred and fifty-three dollars and fifty-three cents ($1,753.53)."

The decree contains a manifest inconsistency, thus: "And the defendant, Ida L. Andrews, denied in her testimony that she ever received, either directly or indirectly, said amount. The burden of proving this contention rests upon the defendant, Ida L. Andrews, as also does the burden of proving a failure in the consideration of her bonds and mortgages, both of which being under seal import consideration."

And later: "The books of the Association show that the amounts paid out by it were paid to the Lower Main Street Bank, the American Bank & Trust Company and to A. D. McFaddin, Attorney. And, inasmuch as the payments of these amounts appear not to have been made directly to the defendant, Ida L. Andrews, and, inasmuch as she denies receiving the same, the burden of proof rests upon the Palmetto Building & Loan Association and its assignees, Nichols and Woodward, to show that the amounts were paid to a duly authorized agent of the said Ida L. Andrews or to some one for her benefit."

Ordinarily, the production and proof of a bond and mortgage carries with them the presumption of a valuable consideration which the obligor and mortgagor pleading want of consideration assumes the burden of disproving; but in this case that presumption is rebutted by proof on the part of the plaintiff that the payments were made to others than the mortgagor. The Circuit Judge was, therefore, right in holding that the plaintiff then assumed the burden of showing that the payments were rightfully made.

As stated by his Honor, the Circuit Judge, the plaintiff undertook to carry this burden by showing that while McFaddin was acting as an officer of the association in perfecting the loan to Mrs. Andrews after it had been perfected by the execution and delivery of the bond and mortgage, the money was not paid directly to Mrs. Andrews but was retained by McFaddin as the agent and attorney of Mrs. Andrews and to be paid out by him in the construction of a house on Lincoln Street which she was erecting; the building operations being carried out by her husband, M. L. Andrews.

His Honor, the Circuit Judge, held that this arrangement had been established by the evidence.

The items of payments claimed by the plaintiff to have been made by McFaddin as the agent and attorney of Mrs. Andrews under this arrangement were as follows:

1925
1. May 15. Paid Lower M. S. Bank . . $ 503.35
2. May 27. Paid McFaddin, Attorney. 500.00
3. Paid American Bank . . . . . 250.00
4. Paid McFaddin, Attorney . . . . . . . . 500.00
 $1,753.35

5. June 18. Paid Lorick & Lowrance . . $ 50.00
6. Aug. 1. Paid Lorick & Lowrance . . 75.00
7. Sept. 1. Paid Lorick & Lowrance . . 56.95
 181.95

8. May to July. Paid Guimarin & Co.. 371.00
9. March 17. Paid Lower M. S. Bank. . 1,000.00

 $3,306.30

—$306.30 more than the amount of both loans, $2,500.00 and $500.00, $3,000.00.

In reference to the first item, May 15, 1925, to Lower Main Street Bank, $503.35: It appears that this was paid on an acceptance of M. L. Andrews to the bank in favor of the Home Lumber Company, dated March 17, 1925 (prior to the execution of the $2,500.00 bond and mortgage of April 28th), due May 15, 1925; the acceptance having been given for lumber used in the building. The payment was made by the check of McFaddin. Assuming that he was authorized as the agent of Mrs. Andrews, at the direction of M. L. Andrews acting also as her agent, to make this payment, it is clear that the $1,000.00 item as having been paid upon the same acceptance is a duplication to the extent of $496.65, which should be deleted from the above statement.

In reference to the second item, May 27, 1925, to McFaddin, attorney, $500.00: There is not a particle of evidence tending to show that McFaddin was authorized to make this payment to himself, or that it went into the construction of the building. It should be deleted also.

In reference to the fourth item, July 11, 1925, to McFaddin, Attorney, $500.00: The same observations are applicable.

These three deleble items, aggregating $1,496.65, should certainly be deducted, as the evidence stands from the total of items claimed by plaintiff, $3,306.30, leaving in the most favorable view to the plaintiff $1,809.65, as having been received by the defendant upon both bonds and mortgages.

His Honor, the Circuit Judge, declares: "In addition then to the $552.95 (the sum of the amounts paid to Lor-

ick & Lowrance $181.95 and to Guimarin & Co. $371.00, we interpolate), which was paid to (by?) A. D. McFaddin for the benefit of Ida L. Andrews, she also received the further sum of $1,000.00 paid to the Lower Main Street Bank on May 13 (15th?), 1925. As to the difference between the sums (sum?) of these two amounts—$1,552.95—and the face amounts of the bonds and mortgages—$3,000.00— *the evidence is unsatisfactory."*

In this statement we thoroughly agree. In view of the failure of the Master to make specific findings of fact and of the burden of showing the authorization of the payments claimed to have been made which devolved upon the plaintiff, and of the admitted unsatisfactory evidence, we are of opinion that the case should have been remanded by the Circuit Judge to the Master for a clarification of the unexplained complexities presented.

In the confused and unsatisfactory condition of the case, we think that the decree must be reversed, and the case remanded to the Circuit Court, with directions to remand the case to the Master for compliance with the order of reference.

What has been said herein is intended simply to demonstrate the confusion and unsatisfactory condition of the record, and not in any sense as conclusions which may affect a determination of the issues in the case. The question whether the assignees of the bonds and mortgages are in a position to claim protection as *bona fide* holders for value without notice is specifically reserved.

Upon the remand to the Master the parties may adopt the evidence which has been submitted or may introduce such additional evidence as they may deem expedient.

Reversed with directions.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.