17221

NORBERT A. THEODORE, Administrator of the Estate of David Daniel Mozie, Appellant, v. GEORGE MOZIE *ET AL.,* of Whom Ashley C. Tobias, III is the Respondent

(95 S. E. (2d) 173)

*Messrs. A. Murray Smith and Jack D. Simrill,* of Columbia, *for Appellant,*

*Messrs. Schultz & Mills,* of Columbia, *for Respondent,*

November 13, 1956.

OXNER, Justice.

This is an action by the administrator of the estate of David Daniel Mozie to sell certain real estate in the City of Columbia in aid of assets. The only question presented by this appeal is whether there was any consideration for a mortgage on said property given by Kissie Mozie to Ashley C. Tobias, III.

The real estate involved was originally owned by Kissie Mozie. On March 2, 1942, she executed to Ashley C. Tobias, III a mortgage thereon securing a bond in the sum of $1,200.00, payable five years after date, with interest at the rate of 6%. Kissie Mozie died intestate in 1950, leaving as her sole heirs at law her husband, David Daniel Mozie, six children and two grandchildren. David Daniel Mozie died

intestate on December 14, 1954, seized and possessed of the undivided one-third interest in the property which he inherited from his wife, and leaving as his sole heirs at law the children and grandchildren above mentioned. These heirs were made parties defendant to this action along with the mortgagee, Ashley C. Tobias, III.

The administrator asked in his complaint that the status of the mortgage be determined, that the property be sold, and after the payment of any liens, one-third of the proceeds of sale be paid over to him and the remaining two-thirds be distributed among the heirs at law of Kissie Mozie. An answer was duly filed by the children and grandchildren in which they admitted the execution of the mortgage but denied that Kissie Mozie received any consideration therefor. Ashley C. Tobias, III set up the lien of his mortgage, alleged that no part of the principal or interest had been paid except two quarterly payments of interest in the sum of $18.00 each, and asked that his mortgage be foreclosed.

The case was referred to the Master who sustained the mortgage and found that there was due and owing thereon the full amount of the principal and interest, less two quarterly payments of interest aggregating $36.00. His report was confirmed by the Circuit Judge, who ordered that the mortgage be foreclosed, the land sold at public auction and after the payment of the costs of the action and the mortgage indebtedness, that one-third of the net balance be paid to the administrator and the remaining two-thirds to the heirs at law of Kissie Mozie. From this decree, the administrator and the heirs at law have appealed. The sole respondent is Ashley C. Tobias, III.

It is conceded that no money was paid to Kissie Mozie personally as a result of the execution of said mortgage. Respondent, the mortgagee, contends that she did so for the purpose of enabling her husband to obtain the necessary funds to complete the construction of a house and that the amount of the loan was paid to him.

Respondent testified that he had no personal knowledge of the transaction. He said that the loan was made by his father who, as his trustee, disbursed the proceeds and collected the two interest payments. According to the testimony of Ashley C. Tobias, Jr., father of respondent and a member of the Columbia Bar, David Daniel Mozie, a negro, had built houses for him and his son for a long number of years. Some time prior to the execution of the mortgage in controversy, Mozie had entered into a contract to construct for respondent a house for $7,000.00. Mr. Tobias was trustee for his children under the will of his wife, Mrs. Ethel M. Tobias. From week to week he made advances on the contract price from the trust estate. Finally, after the full amount of $7,000.00 had been paid, Mozie came to him and stated that he needed approximately $1,200.00 additional to complete the construction of the house and wanted to borrow this amount. After some discussion as to security, Mozie stated that he could get his wife to give a second mortgage on their home. Mr. Tobias agreed to make the loan on this basis and the next day Mozie and his wife came to his office for the purpose of closing the transaction. According to Mr. Tobias, Kissie Mozie stated that "she didn't like a second mortgage on the house but understood the circumstances—her husband was in a jam and she was perfectly agreeable to it under the circumstances." Following this discussion, Kissie Mozie executed the $1,200.00 bond and mortgage, which was witnessed by her husband and one W. J. Barbour.

At the first reference, Mr. Tobias testified that immediately after the execution of the mortgage, he gave Mozie a check for $1,200.00 which he charged against respondent's interest in the trust estate. Thereafter appellants introduced in evidence the accounting made by Mr. Tobias in the office of the Probate Judge which showed no disbursement of $1,-200.00 to David Daniel Mozie during 1942. At a second reference he said he was mistaken about giving Mozie a check for $1,200.00 from the trust estate, stating the amount

of the loan must have been advanced either by respondent or his manager. His final testimony on this question was as follows:

"Q. Mr. Tobias, do you know whether—it is evident from the record here that it didn't come out of the trust fund. A. That's right; apparently.

"Q. Then the check furnished you—you testified you gave him the check—you know you gave him the check no matter who it came from—whether from Mr. Riley (respondent's manager) or from Pat (respondent)? A. That's correct.

"Q. Your testimony is you did give him a check for $1,-200.00? A. That's right."

According to Mr. Tobias, Mozie paid him in cash $18.00 on June 1st and a like amount on September 1, 1942, representing the quarterly payments of interest due on these dates. (The Master states in his report that appellants admitted that these interest payments were made but we find no such admission in the record.)

No explanation is given in the record for the failure of W. J. Barbour, a witness to the mortgage, and Mr. Riley, respondent's manager, to testify.

Appellants, citing *Nichols v. Andrews,* 149 S. C. 1, 146 S. E. 610, state that since no part of the loan was paid to the mortgagor, the burden of showing consideration was on respondent. They say that the testimony of his father is conflicting and entirely too vague and indefinite to sustain the burden of proof. They further argue that all the circumstances, including the long delay in undertaking to collect the mortgage and the failure of respondent to produce the check claimed to have been given when the loan was made, or any ledger or other documentary evidence relating to the transaction, which they say respondent and his father as experienced business men must have kept, strongly indicate that no consideration was given for this mortgage.

Respondent says that the conflict in the testimony of his father as to the source of funds used in making the loan and

the failure to produce any documentary proof is understandable in view of the long lapse of time. Respondent's father testified that the delay in instituting foreclosure proceedings was due largely to repeated promises of Mozie, who continued to build houses for them for some years, that he would soon commence making payments. It is also pointed out that there was a first mortgage on the property which had to be paid.

The Master found as a fact, which was affirmed by the Circuit Judge, that Kissie Mozie executed this mortgage to enable her husband to obtain funds to complete the construction of a house and that a check for the amount of the mortgage was then given to David Daniel Mozie, who thereafter paid two installments of interest, aggregating $36.00. Such concurrent findings in an equity case will not be disturbed by this Court unless without evidentiary support or against the clear preponderance of the evidence. We cannot say in the instant case that the conclusions above mentioned are clearly against the greater weight of the evidence.

The estate of Kissie Mozie will not be relieved of liability under the bond and mortgage on the theory of want of consideration simply because she may not have derived any personal benefit from the transaction. Loss or detriment to the promisee is sufficient as a consideration. Under the facts found by the Master and Circuit Judge, the proceeds of the loan were paid with the consent of Kissie Mozie to her husband, which is sufficient to constitute a legal consideration for her obligation. *Davis v. Blum,* 104 S. C. 218, 88 S. E. 465; *Greer Bank & Trust Co. v. Waldrop,* 155 S. C. 47, 151 S. E. 920, and cases therein cited.

The decree of the Circuit Judge is affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.