### 17398

Sam Earl STAGGS, Respondent, v. T. R. BRIDGMAN, Appellant

(102 S. E. (2d) 362)

*Messrs. Poliakoff & Poliakoff,* of Spartanburg, *for Appellant,*

*Messrs. Whiteside & Smith* and *T. Louis Cox,* of Spartanburg, *for Respondent,*

March 6, 1958.

OXNER, Justice.

This is an action to foreclose a mortgage given by T. R. Bridgman to Sam Earl Staggs. The mortgagor set up in his answer want of consideration and a further defense of

failure of consideration. The case was referred to the Master who after taking the testimony upheld the validity of the mortgage, and recommended that the mortgagee have judgment for the amount due on the note and that the mortgage be foreclosed. This report was confirmed by the County Judge. The mortgagor has appealed.

From a somewhat meager record, we gather the following facts: Wade Staggs, brother of the mortgagee Sam Earl Staggs, owned two lots of land in the town of Landrum, Spartanburg County, upon which there was a mortgage of approximately $1,000.00 held by a building and loan association. On or about February 1, 1951, he sold this property to T. R. Bridgman who assumed payment of the building and loan mortgage and agreed to pay the seller, Wade Staggs, $2,800.00 in cash. In order to raise the cash payment, Bridgman executed and delivered to Sam Earl Staggs a note for $2,800.00, secured by a mortgage on the two lots of land brought from Wade Staggs. Sam Earl Staggs thereupon paid to his brother, Wade Staggs, the sum of $2,800-.00, the amount of the note and mortgage.

The note and mortgage from Bridgman to Sam Earl Staggs was payable in monthly installments of $54.14. Bridgman made twelve payments, the last being made on September 20, 1952. He testified that he then discontinued his payments because he learned that a Federal tax assessment had been filed against Wade Staggs which constituted a lien on the property. However, he continued to make the monthly payments on the building and loan mortgage. Thereafter Sam Earl Staggs elected to declare the full amount of his mortgage due and payable and brought this action for foreclosure.

There is no merit in the defense of want of consideration. We have a concurrent finding of the Master and County Judge, abundantly supported by the testimony, that this mortgage was given to enable appellant to obtain the necessary funds to make the cash payment on

the lots bought by him and that respondent paid this amount to the seller. This certainly was sufficient to constitute a legal consideration for the obligation. *Theodore v. Mozie*, 230 S. C. 216, 95 S. E. (2d) 173, and cases therein cited.

The defense of failure of consideration rests on a claim .that the title to the lots was defective in that the property was encumbered with a tax lien filed against ·the seller. It does appear that such a lien was filed but the record does not disclose when or in what amount or whether the tax assessment constitutes a lien against this particular property. However, these considerations are unimportant in view of the fact that the evidence shows, and the Master and County Judge so found, that respondent knew nothing of the tax lien when he made the loan on the property and is an innocent holder for value of the note and mortgage.

Judgment affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.