## LeConte v. IRWIN.

1. The decision of this court in *LeConte* v. *Irwin* (19 *S. C.*, 554), stated.
2. Under the ruling of this court on the former appeal, the purchaser was entitled to an order confirming the master's report on sales, no additional facts being shown in opposition to the motion.
3. On a motion to put the purchaser into possession of premises sold under a decree of foreclosure, the defendant cannot resist the motion upon grounds known to him at the time the report on sales was confirmed; he is concluded by the order of confirmation.
4. The judgment of foreclosure having provided that the purchaser be let into possession on the production of the master's deed, the Circuit Judge erred in granting an order directing the sheriff to put the purchaser into possession, an appeal having been noticed by the defendant from a previous order, at the same term, confirming the report on sales.

Mr. Justice McGowan, *dissenting.*

Before Fraser, J., Richland, April, 1884.

The opinion of this court sufficiently states the case.

*Mr. R. A. Lynch,* for appellant.

*Messrs. Lyles & Haynsworth,* contra.

May 19, 1885.    The opinion of the court was delivered by

Mr. Justice McIver.    In this case two distinct appeals were taken from two distinct orders, made on different days, and it is due, not only to the Circuit Judge whose orders are appealed from, but also to the parties, that this should be constantly kept in mind while considering the questions raised.    The first is an ·

appeal from an order granted on April 14, 1884, confirming the report on the sale heretofore ordered in this case, and the second is an appeal from an order granted on April 24, 1884, requiring the sheriff to put the purchaser at such sale into possession of the premises sold under the order of the court and bought by him.

In considering the first appeal, this court is bound to confine its attention to what was before the Circuit Judge when he granted the order appealed from, uninfluenced by anything that may have been presented to the Circuit Judge when the order was granted ten days afterwards, from which the second appeal was taken. This is manifest from the very nature and functions of this tribunal, which, except in certain cases not applicable here, has no original jurisdiction, but is confined simply to the exercise of a reviewing or appellate power. All that this court can do is to examine into the case as presented in the court below with a view to ascertain whether any error has been committed. It cannot hear any new or additional facts, but must confine its consideration to such facts as the court below acted upon in rendering the judgment or passing the order appealed from. It follows, therefore, that in considering the first appeal in this case we cannot go outside the showing which was made to Judge Fraser when he granted the order confirming the report of sales, and of course cannot consider any facts which were presented to him ten days afterwards when he granted the order from which the second appeal has been taken.

Looking, then, at the first appeal in this light, I do not see how there can be a doubt as to the correctness of Judge Fraser's order. He had before him no facts other than those which were before this court at the hearing of the former appeal in this case (19 *S. C.*, 554), and upon those facts this court had reversed the order of Judge Hudson setting aside the sale, not simply on the ground that a proceeding by mere motion was not a proper proceeding for that purpose (although that was mentioned as an additional reason), but, as I understand it, upon the ground that a *bona fide* purchaser at a sale under a judgment, not void, but voidable merely, who has paid the purchase money and received titles cannot be divested of such title by the subsequent reversal

or vacation of such judgment. For in that case the court said : "We believe it settled by the great preponderance of authority that property acquired by a *bona fide* purchaser at a judicial sale under orders regular in form and voidable only, shall not be affected by a future reversal or vacation of the judgment." And the court then went on to adjudge that Monckton was a *bona fide* purchaser, and as such entitled to the benefit of the rule above stated, and therefore reversed so much of Judge Hudson's order as set aside the sale.

These points being thus adjudged, it seems to me that it necessarily followed that Monckton was entitled to an order confirming the sale whenever he applied to the Circuit Court for the same. It is true, that one of the grounds of appeal from Judge Hudson's order was that he had erred in refusing the motion to confirm the sale, and that this matter was not specially mentioned in the opinion of the Supreme Court, as it was not necessary that it should be, for the reason just mentioned, especially as Judge Hudson's order was allowed to stand so far as it vacated the judgment, only upon the ground of excusable neglect on the part of the defendant to put in her answer, and allowed her to do so. It was not for this court to grant the order confirming the sale, but only to determine the rights of the parties, and this determination, as I have said, necessarily involved the right of the purchaser to such an order whenever he applied for it to the proper tribunal, the Circuit Court. It seems to me, therefore, that the order confirming the sale should be affirmed.

The question raised by the second appeal is whether the Circuit Judge erred in granting the order making the rule absolute against the appellant, and requiring the sheriff to put Monckton, the purchaser, into possession of the premises sold. Appellant contends, first, that the showing made in the return to the rule was sufficient to prevent the granting of the order appealed from; and second, that in any event the notice of appeal from the order confirming the sale operated as a stay of any further proceedings, and that, pending such appeal, the Circuit Judge erred in granting the order to eject the appellant and put the purchaser into possession.

A brief review of the facts of the case will be necessary for a

proper understanding of the first contention on the part of the appellant. On October 13, 1881, the plaintiff instituted this action against the defendant to foreclose a mortgage of the real estate in question, given to secure the payment of a bond bearing date October 7, 1880, payable in four equal annual instalments, with interest from that date, only one of said instalments being then due. To this action the defendant was regularly made a party, but she put in no answer and made no defence. The case was referred to the master, who, on July 25, 1882, made his report, stating that there was then due the first instalment and interest, and that the remaining instalments were not then due. On hearing this report the court granted an order on July 28, 1882, requiring the defendant to pay the whole amount of the bond, as well the instalment then due, as those which had not then become payable, on or before the first day of September, 1882, and in default thereof that the mortgaged premises be sold. Under this order the premises were offered for sale by the master on salesday in November, 1882, and bid off by J. Q. Marshall, the attorney for the plaintiff in the action, who subsequently transferred his bid to W. H. Monckton.

On February 7, 1883, Monckton complied with the terms of the sale, and title was made to him by the master. On the very next day the defendant gave notice of a motion to set aside the judgment and all proceedings thereunder upon two grounds: "First, that if certain money paid by the defendant to the plaintiff or her agents had been properly credited upon said bond, no right of action would have accrued to the plaintiff; and, second, for surprise, in this, that the defendant was not aware, until judgment had been obtained against her, that the payments referred to had not been credited upon the bond." Upon hearing this motion, Judge Hudson granted an order setting aside said judgment and the sale made thereunder, and granting the defendant leave to file her answer. From this order the plaintiff and Monckton appealed, when this court allowed so much of Judge Hudson's order to stand as vacated the judgment and allowed the defendant to come in and answer, but reversed so much of it as set aside the sale. See *LeConte* v. *Irwin*, 19 *S. C.*, 554. Subsequently to the filing of the decision of this court, the defendant put in her

answer, alleging, amongst other things, that the first instalment of the bond had been paid before the action was commenced, but making no allegation of fraud in the obtaining of the judgment of foreclosure. The issue thus raised was pending at the time the orders appealed from were granted.

The defendant in her return to the rule states, amongst other things, that on the morning of the same day, to wit, April 14, 1884, that the order confirming the sales was made, but that at an earlier hour than that at which such order was signed, the defendant herein had commenced an action, by the service of a summons and complaint, against the plaintiff herein and the said Monckton, and "that it is therein alleged under oath that the judgment obtained against this respondent was so obtained by fraud, and the sale a fraud against her; that the plaintiff therein be allowed to pay whatever may be found to be due upon her bond, and that she be allowed to redeem the premises upon payment of the bond, and that W. H. Monckton be ordered to deliver up the title to him to be cancelled, upon her so doing; that the purpose of the suit is to establish the fraud and set aside the sale, and that a speedy trial is expected." There is nothing in the return which alleges that Monckton was a party to the alleged fraud in obtaining the judgment, or even that he had any knowledge thereof. Four days afterwards she made a further return, in which she stated that before the sale by the master, Monckton asked her if her property was for sale, to which she replied "that she had heard so, but that whoever bought it would never get it; that she had paid Mrs. LeConte more money than was due, and that she owed her nothing. * * * That the said W. H. Monckton was fully apprised of the intention of this respondent to resist the enforcement of the decree of foreclosure taken against her, and bought the property at his peril."

So far as we can discover, this is the only statement or allegation in any way connecting Monckton with any implication in, or knowledge of, any fraud in obtaining the judgment under which the sale was made, even if this could be regarded as importing any allegation of fraud against any one. It is simply an assertion that there was nothing due on the bond at the time the action was commenced, a fact which the defendant had had an

opportunity of asserting and proving, which she had neglected to avail herself of, and that, therefore, she intended to resist the enforcement of the judgment. It cannot be distorted into a charge of any fraud in obtaining the judgment. These facts certainly did not furnish any sufficient reason for discharging the rule, for the Circuit Judge had also before him the fact that an order confirming the sale had been granted, and this precluded any inquiry into such facts. When the application for the order to confirm the sale was made, these facts were not brought to the attention of the Circuit Judge, as they should have been, for that order was granted on April 14, 1884, and the returns stating these facts were not sworn to until the 19th and 23d of April.

In *Pope* v. *Frazee* (5 *S. C.*, 269), it was held that an order confirming a sheriff's report of sales under a judgment of foreclosure is a bar to an action against the sheriff and the purchaser to set aside the sale on the ground that it was null and void, as being in violation of the statute forbidding a sheriff from purchasing at his own sale. In that case the following language, applicable to this case, was used by the court: "If there was fraud or illegality, it should have been shown when the motion to confirm the report was made. The confirmation stopped the mouths of all who were interested in the matter, and who had the privilege of then speaking." It is true that there may be cases in which a subsequently discovered fraud might be sufficient ground for opening the order of confirmation, but in this case there is no allegation, and certainly no proof, that the facts relied upon as vitiating the sale were discovered after the order confirming the sale was made; and, on the contrary, it appears from appellant's own return that she not only knew the facts now relied upon, but that she had actually commenced an action to set aside the sale before the order was granted, though for some inexplicable reason she failed to bring these matters to the attention of the Circuit Judge when the order confirming the sale was applied for.

Indeed, this case presents a series of delays or neglects on the part of the defendant, which it is very difficult, if not impossible, to account for. 1st. When the action was originally commenced on a bond, upon which only one of the instalments was then due, it seems unaccountable that the defendant, who now

claims to have paid that instalment in full, should have neglected to appear and make a showing to that effect, which, if done, would have defeated the action. 2nd. That after the sale was made, although the title was not executed until several months afterwards, we have never yet been able to understand why the defendant should have delayed and neglected until the very day after the purchase money was paid and the title executed, to take any step whatever towards opening the judgment. 3d. That when the application for the order confirming the sale was made, it is difficult to conceive why she neglected then to make the showing to the Circuit Judge, which only a few days afterwards she did make on the return to the rule requiring her to show cause why the sheriff should not put the purchaser into possession, all the facts contained in such showing being manifestly known to her at the time the order of confirmation was applied for. While, therefore, it may be a matter of regret that these delays, which may possibly have worked injury to the appellant, have occurred, we cannot allow such a feeling to influence our judgment in determining the legal rights of parties litigant. If a party fails to make his defence or present his claim at the proper time and in the proper mode prescribed by law, he must take the consequences.

We think, however, that the Circuit Judge erred in making the rule absolute, while an appeal from the order confirming the sale was pending. By the express terms of the original judgment of foreclosure, the purchaser was only entitled to be let into possession upon the production of a certified copy of the order of sale, and until the appeal from that order was disposed of, the purchaser was not entitled to a certified copy of such order. The defendant certainly had a right to appeal from such order and obtain the judgment of the tribunal of last resort as to its correctness before any proceedings could be had under it, for until such final judgment was obtained, it could not be known whether there was any valid order of confirmation. The notice of appeal from that order operated as a stay of further proceedings under the provisions of section 356 of the code.

The judgment of this court is that the order of the Circuit Court confirming the sale be affirmed, and that the order making

the rule absolute, and requiring the sheriff to put the purchaser into possession, be reversed.

Mr. Chief Justice Simpson concurred.

Mr. Justice McGowan, *dissenting.* The decree of foreclosure was set aside and the defendant, Margaret Irwin, allowed to answer the complaint as if no judgment had been rendered. It appears that she not only answered, alleging that nothing was due when the decree was rendered, but also filed an original proceeding making Monckton a party, to set aside as absolutely void the judgment and the sale made thereunder. I cannot think that the former judgment of this court involved the confirmation of the sale, and that the matter is in effect *res adjudicata.* In the former appeal the court reversed the order setting aside the conveyance to Monckton, but, although they moved to do so, did not confirm the sale, and I do not see that anything has occurred since to make it proper to do so now.

It is true it does not appear that the new action of the defendant to set aside the sale was brought to the attention of the Circuit Judge when he granted the order confirming the sale, but the proceeding was at that time filed, and it was brought to his attention before he granted the second order ousting the defendant from the premises. It has also been brought to our attention that such proceedings are now pending, and under these circumstances it seems to me that it will only add to the confusion of the case, and possibly do injustice, now to affirm the order confirming the sale, the effect of which must be to deprive the defendant of an opportunity to be heard on the new issues raised, and, so far as the sale of the land is concerned, to anticipate the result by deciding the case against her in advance. *Pope* v. *Frazee,* 5 *S. C.,* 272. It seems to me that at the present it would be better simply to withhold confirmation and allow the parties to stand upon their rights until the new issues as to the sale now made and pending are decided.

Order confirming the sale, affirmed; order to put the purchaser in possession, reversed.