12956

NICHOLS *ET AL.* v. ANDREWS

(154 S. E., 305)

338

*Mr. Andrew J. Bethea,* for appellant,

*Messrs. H. F. Jennings, A. W. Holman* and *D. F. Faulk-enberry,* for respondent,

July 25, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, which is an action for foreclosure, commenced in the Court of Common Pleas for Richland County, February 21, 1927, was heretofore before this Court on appeal. The issues raised by the pleadings are set forth in the opinion of the Court on the former appeal (149 S. C., 1, 146 S. E., 610) and will not be re-stated here. The case having been remanded to the Circuit Court with directions to remand the case to the Master "for clarification of the unexplained complexities" and the taking of additional evidence, the instruction was complied with, and the Master, after holding references and taking such additional testimony as the parties litigant offered, made another report in the case. The matter was heard by his Honor, Judge William H. Townsend, who confirmed the Master's report, except as to a small amount paid out for the insurance premiums. The conclusion reached by Judge Townsend is satisfactory to this Court. Therefore, the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE COTHRAN concurs in part and dissents in part.

MR. JUSTICE BLEASE (concurring) : There is no question of law in this case, one in equity. The rule is well established that, to reverse a Circuit Judge's decree on findings of fact, it is necessary for the appellant to show error in such findings. The weight of the evidence and the credibility of the witnesses were matters for the Circuit Judge, and he was in better position than we are to determine these matters. Not being convinced that any finding of Judge Townsend was erroneous, it is my duty to favor an affirmance of his decree.

MR. JUSTICE COTHRAN (concurring in part and dissenting in part) : This is an action of foreclosure commenced February 21, 1927, by the plaintiff Nichols, as assignee of a bond

and mortgage executed and delivered by the defendant Ida L. Andrews, to the Palmetto Building & Loan Association for $2,500.00, dated April 28, 1925. The defendant Woodward set up in his answer a claim as assignee of a bond and mortgage executed and delivered by the defendant Ida L. Andrews, to the same association for $500.00, dated August 5, 1925.

The defendant, Mrs. Andrews, admits the execution and delivery of both bonds and mortgages, but denies that she received from the association anything upon them, pleading failure and want of consideration.

The case was referred to the Master of Richland County to hear and determine all of the issues in the case, of law and fact. He filed a report dated September 1, 1927. In reference to it, the Circuit Judge says in his decree: "By her answer the defendant, Ida L. Andrews, pleaded a want and failure in the consideration of both mortgages. Although the defendant, Ida L. Andrews served her answer to the complaint on the attorney for the plaintiff, and although she served a separate answer to the cross-answer of the defendant, P. M. Woodward, in which she specifically pleaded a want and failure in the consideration of the bond and mortgage set out in the answer of the said P. M. Woodward, the Master made no reference in his report to the defense of the said Ida L. Andrews to the causes of action set out in the complaint and in the answer of the defendant, P. M. Woodward, but merely computed and reported what he considered to be due upon the said two mortgages."

The matter came on to be heard by his Honor, Judge Townsend, upon exceptions to the Master's report. He filed a decree dated November 12, 1927, confirming the Master's report, making a specific finding of fact that the defendant Mrs. Andrews had received the proceeds of both loans made to her by the association, and decreeing foreclosure.

From this decree the defendant appealed, and in an opin-

ion filed February 7, 1929 (149 S. C., 1, 146 S. E., 610, 611), this Court held:

"Ordinarily the production and proof of a bond and mortgage carries with them the presumption of a valuable consideration which the obligor and mortgagor pleading want of consideration assumes the burden of disproving; but in this case that presumption is rebutted by proof on the part of the plaintiff that the payments were made to others than the mortgagor. The Circuit Judge was therefore right in holding that the plaintiff then assumed the burden of showing that the payments were rightfully made."

And:

"In view of the failure of the Master to make specific findings of fact and of the burden of showing the authorization of the payments claimed to have been made which devolved upon the plaintiff, and of the admitted unsatisfactory evidence, we are of opinion that the case should have been remanded by the Circuit Judge to the Master for a clarification of the unexplained complexities presented."

In passing it may be observed that in the decree of his Honor, Judge Townsend, dated November 12, 1927 (the decree from which the former appeal was taken), it was stated:

"This testimony and these checks and entries conclusively show that the only money which the Palmetto Building & Loan Association parted with by reason of the bonds and mortgages given it by Ida L. Andrews was the sum of seventeen hundred and fifty-three dollars and fifty-three cents ($1,753.53)."

In compliance with the judgment of this Court, the matter was recommitted to the Master "for compliance with the (original) order of reference."

References were held; additional testimony was taken; and the Master filed his report dated July 15, 1929, in which he found that the amount due as of that date upon the $2,-

500.00 bond and mortgage was $3,636.43, and upon the $500.00 bond and mortgage· $711.00.

The Master found that all of the proceeds of the first loan (the $2,500.00 bond and mortgage) had been paid to the defendant through her agent, her husband, M. L. Andrews, as shown by the itemized list of payments set out below; and that all of the proceeds of the second loan (the $500.00 bond and mortgage) had been similarly paid, as shown by the itemized list set out below.

The matter then came up on exceptions to the Master's report before his Honor, Judge Townsend, who on August 27, 1929, filed a decree holding that the payments out of the proceeds of the loans, made by McFaddin to M. L. Andrews, were made to him as agent of Mrs. Andrews and that she was bound thereby; he confirmed the report as to the dates and amounts of these payments and rendered judgment of foreclosure for $3,636.43, the amount ascertained to be due on the $2,500.00 bond and mortgage, and reduced the amount ascertained to be due on the $500.00 bond and mortgage to $417.32.

From this decree the defendant has appealed.

The Master held that from the proceeds of the $2,500.00 bond and mortgage payments had been made by McFaddin to M. L. Andrews, as agent of Mrs. Andrews, as follows:

1925

| | | | |
|---|---|---|---|
| 1. April 13 | Easterling | $ | 30.00 |
| 2. April 18 | M. L. Andrews | | 50.00 |
| 3. May 5 | Guimarin | | 200.00 |
| 4. May 5 | Guimarin | | 55.00 |
| 5. May 9 | M. L. Andrews | | 60.00 |
| 6. May 11 | Easterling | | 25.00 |
| 7. May 16 | Bank | | 1,000.00 |
| 8. May 16 | M. L. Andrews | | 145.00 |
| 9. May 23 | M. L. Andrews | | 80.00 |
| 10. May 30 | Guimarin | | 80.00 |
| 11. June 2 | Mitchum | | 125.00 |

| 12. | June | 6 | Guimarin ................... | 50.00 |
|-----|------|---|----------------------------|-------|
| 13. | June | 6 | M. L. Andrews ............. | 36.00 |
| 14. | June | 18 | Lorick & Lowrance ......... | 50.00 |
| 15. | July | 1 | M. L. Andrews ........... | 50.00 |
| 16. | July | 2 | Strickland ................. | 7.50 |
| 17. | July | 5 | M. L. Andrews ............. | 50.00 |
| 18. | July | 9 | Sims .................... | 22.41 |
| 19. | July | 17 | Guimarin ................. | 41.00 |
| 20. | Aug. | 1 | Lorick & Lowrance ......... | 75.00 |
| 21. | Aug. | 31 | Lorick & Lowrance ......... | 56.95 |
| 22. | Sept. | 23 | Mitchum .................. | 125.00 |
| 23. | Sept. | 23 | Mitchum .................. | 125.00 |

$2,538.86

The following items have not been established to my satisfaction:

3. May 5. Guimarin $200.00: M. L. Andrews testified that he borrowed the money from the bank, paid it to McFaddin, and he paid it to Guimarin; McFaddin does not deny this statement.

4. May 5. Guimarin $55: McFaddin testified that it "was not on the book against Mrs. Andrews, but *indications* are it went into the house." M. L. Andrews testified that it was for commissions due him by McFaddin.

8. May 16. M. L. Andrews $145: All that McFaddin testified about this item is that it "is put down on the white ledger." M. L. Andrews testified that it was for repairs on a different house.

9. May 16. M. L. Andrews $80.00: All that McFaddin testified about this item is that "it is on the same book."

13. June 6. M. L. Andrews $36.00: All that McFaddin testified about this item is that it was "on the book." M. L. Andrews testified that this was for repairs upon a different house.

15. July 1. M. L. Andrews $50.00: As to this item Mc-

Faddin testified that it was not on the book, but the check indicated that it was upon account of defendant.

17. July 5. M. L. Andrews $50.00: As to this item McFaddin testified only, "that is on loose-leaf ledger under head M. L. Andrews."

These doubtful items amount to $616.00 and should be deducted from the total, $2,538.86, leaving $1,922.86 as the amount paid out by McFaddin through M. L. Andrews, agent of Mrs. Andrews.

I am more inclined to approve of this reduction for the reason that it is a conceded fact that the books of the association show that all of the money paid out on account of the $2,500.00 bond and mortgage loan was $1,753.53, *if not upon both loans.*

It is admitted by McFaddin that his accounts are in hopeless confusion.

Giving the plaintiff the benefit of the foregoing balance of $1,922.86, and allowing him interest from the date of the mortgage, notwithstanding the fact that the payments were widely scattered, the net balance due by Mrs. Andrews would be that amount plus interest from April 28, 1925, at 8 per cent. per annum, $2,730.46, interest calculated to July 28, 1930, plus attorney's fees $250.00; total $2,980.46.

I really think that in view of the unpardonable confusion caused by the handling of the matter by McFaddin, the accredited representative of the mortgagee, the true amount as appears from the books of the association, as paid out by McFaddin, should be fixed at $1,753.53, particularly as there were other business transactions between McFaddin and M. L. Andrews to which many of the advances made by McFaddin to Andrews most probably were applied.

If that should be considered by the Court as the proper balance, the amount would be $1,753.53, with interest at 8 per cent. from April 28, 1925, to July 28, 1930, $2,490.00 plus attorney's fees $250.00; total $2,740.00. If a majority of the Court concur in this conclusion, it will be so ordered.

As to the second loan, I agree with the conclusion of his Honor, Judge Townsend, that the correct amount is $417.-32 with interest at 8 per cent. from July 10, 1925, to July 28, 1930, $579.31, plus attorney's fees $50.00; total $629.31.

I think for these reasons that the decree should be modified accordingly.