# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Wachesaw Plantation East Community Services
Association, Inc., Respondent,

v.

Todd C. Alexander, Petitioner.

Appellate Case No. 2012-213400

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Georgetown County
The Honorable Joe M. Crosby, Master-in-Equity

---

Opinion No. 27585
Heard November 19, 2014 – Filed November 4, 2015

---

## REVERSED AND REMANDED

---

Charles T. Smith, of Georgetown, for Petitioner.

Hal LaVaughn Beverly, Jr., of McCabe, Trotter &
Beverly, P.C., of Columbia, for Respondent.

Jack M. Scoville, Jr., of Law Offices of Jack M. Scoville,
Jr., P.A., of Georgetown, for Third-Party Bidder William
George.

---

**JUSTICE BEATTY:**  This action arose out of the foreclosure of a lien for delinquent homeowner regime fees against Todd C. Alexander.  Alexander did not appeal the foreclosure; however, he moved to vacate the resulting sale.  Alexander's motion to vacate the sale was denied and Alexander appealed.  The Court of Appeals dismissed the appeal, finding Alexander failed to comply with section 18-9-170[1] of the South Carolina Code to stay the sale and, therefore, the master-in-equity's issuance of the deed rendered the appeal moot.

## I.  Facts

Alexander purchased a home for his elderly father in Murrells Inlet, South Carolina.  After his father was released from a second hospitalization, he did not return to the house.  Alexander neglected to pay the regime fees on the home and subsequently the homeowners' association's attorney informed him that a lien had been placed against the house.

The homeowners' association initiated a foreclosure action and served a summons, complaint and lis pendens on Alexander.  He signed the certified receipt acknowledging that he received the documents.  However, he never responded to the complaint, which led to a default.  He was subsequently served with notice of the hearing, affidavit of default, and the order of default at the same address.  He made no appearance and filed no appeal.

---

[1] Section 18-9-170 reads in relevant portion:

> If the judgment appealed from direct the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless a written undertaking be executed on the part of the appellant, with two sureties, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the execution of the undertaking until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which shall be specified in the undertaking.

S.C. Code Ann. § 18-9-170 (2014).

The homeowners' association properly proceeded to have the home auctioned off to the highest bidder at a foreclosure sale. Jerry Callahan, William George's authorized agent, was the highest bidder. By Report and Judgment of Foreclosure Sale filed on April 29, 2011, the master-in-equity sold the property but did not issue the deed.

Alexander, who lives in Pennsylvania, employed a property management company to inspect the house bi-weekly and maintain the property and grounds during the two years that the house had been vacant after his father moved out. In June 2011, while he was hospitalized[2], he learned from the property management company that the home had a new owner. He then asked a friend to bring his mail to the hospital. He alleges he first received notice of the foreclosure action and sale at that time.

He immediately tendered the regime fee payment in full to the homeowners' association's attorneys but they declined to accept it because of potential liability to the third-party bidder. Alexander then filed a motion to vacate the sale. In his memorandum in support of the motion, Alexander argued four grounds: (1) the sale price was inadequate and the sale was accompanied by other facts warranting the court's interference; (2) the sale should be vacated to avoid forfeiture; (3) the sale should be vacated to avoid the third-party bidder's unjust enrichment; and (4) he timely redeemed the property.

The master-in-equity denied the motion for several reasons. He found that Alexander failed to allege improper service, lack of notice, lack of jurisdiction, excusable neglect and offered no reason for not sending a check once he received the summons and complaint. Moreover, the master-in-equity found Alexander's failure to appeal the Decree of Foreclosure waived his equity-of-redemption rights.

The master-in-equity then issued the deed to Callahan, as agent for George, and it was duly recorded. Alexander timely filed and served a Notice of Appeal from the master's order denying his motion. George filed and served a motion to dismiss the appeal on the ground that the issue appealed is moot because the foreclosure sale was finalized before Alexander filed and served his appeal.

The Court of Appeals agreed with George in its order of dismissal. It concluded that Alexander failed to stay the foreclosure sale because he did not

---

[2] Alexander was not hospitalized at the time of the foreclosure sale.

comply with section 18-9-170 and the appeal is now moot because the master-in-equity properly issued the deed.  This Court granted certiorari to review the Court of Appeals' decision.

## II.    Issue Presented

Does the subsequent issuance of a deed moot a timely appealed order denying a motion to vacate the sale of foreclosed property?

## III.    Discussion

### A. *Mootness*

"A case is moot where a judgment rendered by the Court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the Court." *S.C. Ret. Syst. Inv. Comm'n v. Loftis*, 402 S.C. 382, 384, 741 S.E.2d 757, 758 (2013).  "[M]oot appeals result when intervening events prevent a decision on appeal from having an immediate impact on the parties."  15 S.C. Jur. *Appeal and Error* § 19 (Supp. 2014).  "Appellate court[s] will not pass on moot and academic questions or make an adjudication where there remains no actual controversy." *Linda Mc Co., Inc. v. Shore*, 390 S.C. 543, 558, 703 S.E.2d 499, 506 (2010).

"In the civil context, there are three general exceptions to the mootness doctrine." *Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001).  "First, an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review." *Id.*  "Second, an appellate court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest." *Id.* at 568, 549 S.E.2d at 596. "Finally, if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case." *Id.* at 568, 549 S.E.2d at 596.

### B. *Arguments*

Alexander posits three arguments for why the Court of Appeals erred in issuing an order to dismiss the appeal.  First, a nonparty filed the motion to dismiss the appeal in contravention of *Condon v. State*, 354 S.C. 634, 583 S.E.2d 430 (2003).  Alexander notes that George could have intervened pursuant to Rule 24 of

the South Carolina Rules of Civil Procedure and Rule 213 of the South Carolina Appellate Court Rules.   Second, the dismissal created a new rule that a judicial sale cannot be appealed unless a writ of supersedeas has been issued and a bond posted, which runs counter to the rule in *Ex Parte Moore*, 346 S.C. 274, 550 S.E.2d 877 (Ct. App. 2001).  Finally, the dismissal conflicts with *McLemore v. Powell*, 32 S.C. 582, 10 S.E. 550 (1889), in that it holds the issuance of a deed renders an appeal from a judicial sale moot.

## C. Analysis

Alexander argues the Court of Appeals' order conflicted with established precedent that the issuance of a deed does not moot an appeal.  Although we offer no opinion on the merits of Alexander's appeal, we agree that the Court of Appeals erred.

Our jurisprudence establishes that, despite the master-in-equity's issuance of a deed, an appellate court may reach the merits of the appeal.  *See Antrum v. Hartsville Prod. Credit Ass'n*, 228 S.C. 201, 89 S.E.2d 376 (1955) (deciding on petition to set aside foreclosure sale and declaring deed to purchaser void); *Nichols v. Andrews*, 157 S.C. 334, 154 S.E. 305 (1930) (deciding appeal from foreclosure and sale of property where deed was issued and no bond posted) ; *Ex Parte Andrews*, 152 S.C. 325, 150 S.E. 313 (1929) (explaining that purchaser of property was entitled to possession of property pending appeal because no bond was posted; remanding the case to be heard on the merits); *Muckenfuss v. Fishburne*, 68 S.C. 41, 46 S.E. 537 (1903) (deciding defendant's appeal from order to set aside judgment of foreclosure where deed was executed to the purchaser); *Scott v. Scott*, 29 S.C. 414, 7 S.E. 811 (1888) (deciding an action to enjoin the foreclosure of a mortgage for the sale of a mortgaged property after a deed was issued to plaintiff); *Heritage Fed. Sav. & Loan v. Eagle Lake & Golf Condominiums*, 318 S.C. 535, 458 S.E.2d 561 (Ct. App. 1995) (deciding homeowners' association appeal from foreclosure and sale where a master deed was issued).

Based on the above-cited cases, it is clear that the issuance of a deed does not moot the appeal of a foreclosure sale and an appellate court may reach the merits.  Accordingly, we find the Court of Appeals erred in declaring the case moot because a deed was issued after the sale of the property.

## IV.  Conclusion

The issuance of a deed does not render a motion to vacate the foreclosure sale moot.  Our state appellate courts have reached the merits of such appeals time and again.

We therefore reverse and remand[3] this matter to the Court of Appeals to be considered on the merits.

**REVERSED AND REMANDED.**

**TOAL, C.J., HEARN, J., and Acting Justice James E. Moore, concur. PLEICONES, J., concurring in a separate opinion.**

---

[3] *See State v. Grovenstein*, 335 S.C. 347, 354 n.6, 517 S.E.2d 216, 219 n.6 (1999) (explaining that remaining issues would be remanded to the Court of Appeals since they were not considered by that court previously).

**JUSTICE PLEICONES:**  I agree with the majority that the Court of Appeals erred in dismissing petitioner's appeal as moot because the master issued a deed while the appeal was pending.  I reach my conclusion by a different route, however, and therefore concur only in the result reached by the majority.

Here we are concerned with an appeal from an order refusing to set aside a judicial sale.  Petitioner's timely appeal of that order acted as an automatic stay of further proceedings, including the issuance of a deed, pursuant to S.C. Code Ann. § 18-9-220 (Supp. 2014).  As the Court has explained,

> The defendant certainly had the right to appeal from [the order confirming the judicial sale][4] and obtain the judgment of the tribunal of last resort as to its correctness before any proceedings could be had under it [here, the buyer seeking possession], for until such final judgment was obtained, it could not be known whether there was any valid order of confirmation.  The notice of appeal from that order [confirming the judicial sale] operated as a stay of further proceedings under the provisions of section 356[5] of the code.

*LeConte v. Irwin*, 23 S.C. 106, 112 (1885).

In my view, the parties, the Court of Appeals, and the majority are in error when they analyze the question whether the appeal prevented the master from issuing the deed under S.C. Code Ann. § 18-9-170 (1985), and decisions applying that statute in appeals from orders of foreclosure.[6]  While § 18-9-170 applies to an appeal from an order that directs the sale or delivery of possession of real property, such as an

---

[4] Recall that under our earlier practice almost all foreclosure matters were referred to the master-in-equity to make a report, which was not final until confirmed by the circuit court.  *See Wachovia Bank of South Carolina, N.A. v. Player*, 341 S.C. 424, 535 S.E.2d 128 (2000).

[5] Now codified as § 18-9-220.

[6] An appellant's failure to post the statutory bond required by § 18-9-170 does not moot the foreclosure appeal.  However, since the failure to post this bond permits the foreclosure sale to proceed during the appeal, *Ex parte Andrews*, 152 S.C. 325, 150 S.E. 313 (1929), the remedy available to the mortgager is limited to the recalculation of the debt owed.  *E.g.*, *Nichols v. Andrews*, 157 S.C. 334, 154 S.E. 305 (1930).

order of foreclosure,[7] it does not apply to an appeal of an order refusing to vacate a judicial sale. *LeConte*, *supra*.

I agree that the master should not have issued a deed during the pendency of petitioner's appeal because that appeal acted as an automatic stay pursuant to § 18-9-220.  I agree that this erroneous action did not moot the appeal.  I agree that petitioner is entitled to have the merits of his appeal decided by the Court of Appeals.  I therefore concur in the majority's decision to reverse the Court of Appeals' dismissal order and to remand the matter to that court for consideration of the direct appeal.

---

[7] *See, e.g., Gerald v. Gerald*, 30 S.C. 348, 9 S.E. 274 (1889).